(885 P.2d 387)
No. 71,555

STATE OF KANSAS, *Appellee*, v. ROBERT STARKS, *Appellant*.

—

Opinion filed November 23, 1994.

*J. Patrick Lawless, Jr.,* assistant appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*David Lowden,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before RULON, P.J., GREEN, J., and DONALD L. WHITE, District Judge Retired, assigned.

RULON, J.: Defendant, Robert Starks, appeals the sentences he received as a result of his *Alford* plea to one count of kidnapping, K.S.A. 1993 Supp. 21-3420(c); two counts of aggravated battery, K.S.A. 1993 Supp. 21-3414(a)(1)(A); one count of aggravated assault, K.S.A. 1993 Supp. 21-3410(a); one count of aggravated assault of a law enforcement officer, K.S.A. 1993 Supp. 21-3411; and one count of criminal damage to property, K.S.A. 1993 Supp. 21-3720(a)(1). Unquestionably, the sentences imposed were in accordance with a plea agreement between defendant and the State. The record clearly shows that defendant and the State requested the sentencing court to impose the sentences and the court imposed the sentences as requested.

The critical issue in this case is one of this court's jurisdiction to review a defendant's sentence under the Kansas Sentencing Guidelines Act, K.S.A. 1993 Supp. 21-4701 *et seq.* Under the provisions of K.S.A. 1993 Supp. 21-4721(c), if the crime was committed on or after July 1, 1993, an appellate court shall not review a sentence if:

(1) The sentence is within the presumptive sentence for the crime; or

(2) the sentence is the result of an agreement between the State and the defendant which the sentencing court approves on the record.

However, K.S.A. 1993 Supp. 21-4721(e)(1) provides that in any appeal, the appellate court may review a claim that a sentence is the result of partiality, prejudice, oppression, or corrupt motive.

We understand all parties agree that the facts of defendant's appeal fall within K.S.A. 1993 Supp. 21-4721(c). However, defendant argues that despite the language in subsection (c), subsection (e) provides an alternate avenue for appellate review of his sentence. Defendant argues the language of the statute is ambiguous and therefore should be interpreted in his favor.

This is an issue of first impression under the new sentencing guidelines and is solely a question of statutory interpretation and, consequently, a question of law. Therefore, this court's scope of review is unlimited. *State v. Williams,* 18 Kan. App. 2d 424, 425, 856 P.2d 158 (1993). " 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway,* 253 Kan. 434, 436, 855 P.2d 956 (1993).

" 'In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.' " *State v. Gonzales,* 255 Kan. 243, 249, 874 P.2d 612 (1994).

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to

reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992).

" 'In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia*. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law.' [Citation omitted.]" (Emphasis omitted.) 251 Kan. at 516.

" 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " 251 Kan. at 515.

The language in K.S.A. 1993 Supp. 21-4721(c) and (e) is arguably contradictory. However, it is our duty, where possible, to construe the statute to give effect to both sections.

If this court were to adopt defendant's suggested statutory construction of this act, such interpretation would effectively eviscerate K.S.A. 1993 Supp. 21-4721(c). Following defendant's argument, a defendant who received a sentence within the presumptive range of the sentencing guidelines who had second thoughts about a sentence received as a result of a plea agreement could circumvent subsection (c) by claiming the imposed sentence was the result of partiality, prejudice, oppression, or corrupt motive. We do not believe defendant's interpretation was the intent of the legislature.

Under the prior indeterminate sentencing scheme, our Supreme Court concluded that where (1) a defendant knowingly and voluntarily entered into a plea agreement which contained a specific sentencing request; (2) the defendant urged the court to impose the recommended sentence; and (3) the district court imposed the recommended sentence, the defendant was deemed to have waived any consideration of the sentencing factors contained in K.S.A. 21-4601 and K.S.A. 21-4606. *State v. Crawford*, 250 Kan. 174, Syl. ¶ 1, 824 P.2d 951 (1992). K.S.A. 1993 Supp. 21-4721(c)(2) is the codification of *Crawford* for sentencing guidelines purposes. The only difference between subsection (c)(2) and the *Crawford* ruling is that the statute requires the sentencing court to approve the plea agreement on the record.

We believe K.S.A. 1993 Supp. 21-4721(c)(1) was adopted by the legislature to foreclose the type of appeals which had previously been lodged under the former statutory scheme alleging that the sentencing court abused its discretion. Because the sentencing court's discretion is to a large extent limited by the guidelines, if the court sentences a defendant to a term within the presumptive sentence range for the crime committed, such a sentence standing alone cannot be the result of partiality, prejudice, oppression, or corrupt motive.

The plain language of the statute indicates that an appellate court *shall not* review a sentence if such is within the presumptive range for the crime or it is the result of a plea agreement which has been approved by the court on the record. K.S.A. 1993 Supp. 21-4721(c). However, an appellate court *may*, at its discretion, review such a sentence if the defendant can show that the sentencing court erred in computing the criminal history, in ranking the crime severity level, or that the sentence was the result of partiality, prejudice, oppression, or corrupt motive by the sentencing court. K.S.A. 1993 Supp. 21-4721(e). The burden is upon the party claiming error to show the sentence was the result of partiality, prejudice, oppression, or corrupt motive. See *State v. Heywood*, 245 Kan. 615, 620-21, 783 P.2d 890 (1989) (defendant who asserts the court abused its discretion in sentencing bears the burden to show such abuse.) We are satisfied our interpretation here is in accord with the long-standing rule that a sentence within the statutory guidelines will generally not be disturbed on appeal. *State v. Turner*, 252 Kan. 666, 847 P.2d 1286 (1993).

Here, defendant's sentences were the presumptive sentences for the crimes committed and were the result of a plea agreement between defendant and the State. Except for the fact that the sentencing court did not expressly approve the sentences bargained for, defendant's situation falls within the provisions of K.S.A. 1993 Supp. 21-4721(c)(1) and (2). While the better practice would be for the sentencing court to state on the record that the court approved of the sentences provided for in the plea agreement, we are satisfied here that by imposing the sentences defendant requested, the sentencing court implicitly approved the bargained-for sentences.

Defendant's primary argument is that, based on the circumstances surrounding the commission of the crimes, he did not deserve the sentences imposed. Such circumstances arguably are relevant for the sentencing court in deciding whether to impose the low, high, or mid-range sentence within the presumptive sentencing range or in deciding whether a departure sentence is appropriate. However, whenever a defendant is sentenced to a presumptive sentence and there is no claim of error in regard to crime severity level or criminal history, there is a strong legislative presumption that the sentence is not the result of partiality, prejudice, oppression, or corrupt motive. Defendant has failed to come forward with any evidence which would overcome that statutory presumption.

Appeal dismissed.