(929 P.2d 1391)

No. 74,779

STATE OF KANSAS, *Appellee*, v. GALEN J. BURROWS, *Appellant*.

Opinion filed January 10, 1997.

*Tom Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Charles R. Reimer*, assistant district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., PIERRON and ROYSE, JJ.

BRAZIL, C.J.: Galen J. Burrows appeals from the sentencing court's order of incarceration, claiming abuse of discretion when the sentencing court ruled that the presumption of probation was lost because defendant committed his current offenses while under custody supervision, as an escapee, for a felony offense. We dismiss the appeal.

Burrows pled guilty to three counts of burglary, severity level 9 nonperson felonies. The district court accepted the plea and ordered a presentence investigation report.

At sentencing, the parties agreed on the criminal history of E. The court noted and the defendant confirmed that the present offenses were committed while defendant was an escapee from Oklahoma. There was an outstanding warrant for the defendant from Oklahoma and a detainer from that state. The sentencing

court made a finding that the current crimes were committed while defendant was incarcerated for a felony conviction. The court indicated that the presumption of probation was lost and therefore the court could impose incarceration without it being a departure sentence.

The court sentenced defendant to 10 months' incarceration on each count to run concurrently, but consecutive to any sentence imposed in Oklahoma. The sentencing judge said: "I'm going to exercise my option under K.S.A. 21-4603(b) and order that Mr. Burrows serve his sentence in this case."

Burrows argues that the Kansas Sentencing Guidelines Act (KSGA) allows an appeal from a departure sentence but not a presumptive sentence, but that his was neither. He contends that since the sentencing court had the option to follow the presumptive sentence of probation or imprison him under K.S.A. 21-4603d(a), the court had unlimited discretion; therefore, the appellate court can review an appeal of his sentence based on abuse of discretion.

"Interpretation of the KSGA is a question of law whereby this court's scope of review is unlimited." *State v. Chronister*, 21 Kan. App. 2d 589, 595, 903 P.2d 1345 (1995).

The KSGA provides specific guidelines for appellate review of sentences. Under K.S.A. 1994 Supp. 21-4721(c)(1), appellate courts shall not review sentences within the presumptive sentence for the crime. That section "was adopted by the legislature to foreclose the type of appeals which had previously been lodged under the former statutory scheme alleging that the sentencing court abused its discretion." *State v. Starks*, 20 Kan. App. 2d 179, Syl. ¶ 8, 885 P.2d 387 (1994). Under K.S.A. 1994 Supp. 21-4721(d), if the sentence is a departure, review is limited to whether the sentencing court's reasons justified departure. The only remaining bases for review are if appellant claims a sentence resulted from partiality, prejudice, oppression, or corrupt motive or the sentencing court erred in assigning a criminal history score or in ranking the crime severity level. K.S.A. 1994 Supp. 21-4721(e). The KSGA does not provide for review of a claim that the sentence resulted from abuse of discretion.

K.S.A. 21-4603d(a) provides in relevant part:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

" 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993).

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992).

In other provisions of the KSGA, when the sentencing court is given the option of imposing a nonprison or prison sentence, it clearly provides that the sentence "shall not be considered a departure and shall not be subject to appeal." K.S.A. 21-4704(f), (g), and (h). A departure sentence is a sentence "which is inconsistent with the presumptive sentence for an offender." K.S.A. 21-4703(f).

In *State v. Bost*, 21 Kan. App. 2d 560, 903 P.2d 160 (1995), the court determined that there was neither a presumption of imprisonment nor of probation when defendant fell within the nondrug 5-H border box. 21 Kan. App. 2d at 568. The court went on to say:

"The bottom line is that the Kansas Legislature intended to give sentencing judges the discretion to impose incarceration or probation in border box cases and not require the court to establish substantial and compelling reasons in the form of mitigating or aggravating factors. . . . As such, the imposition of incarceration or probation in a border box case is the imposition of the presumptive sentence for purposes of appeal." 21 Kan. App. 2d at 570-71.

Following the same reasoning in *Bost*, we conclude that the legislature gave sentencing judges the discretion to impose incarceration or probation when a defendant's offense falls within a nonprison sentencing grid classification and that offense was com-

mitted while the defendant was incarcerated for another felony offense. The imposition of either incarceration or probation in this circumstance is the imposition of the presumptive sentence. Since Burrows did not claim his sentence was a result of partiality, prejudice, oppression, or corrupt motive, this court has no jurisdiction to review his appeal. K.S.A. 1994 Supp. 21-4721(e); *State v. Myers*, 20 Kan. App. 2d 401, 403, 888 P.2d 866 (1995).

Appeal dismissed.