No. 79,122

STATE OF KANSAS, *Appellee,* v. MATTHEW C. MARSH, *Appellant.*
(952 P.2d 933)

Opinion filed January 23, 1998.

*Mary D. Prewitt,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Paul S. Gregory,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is a sentencing appeal. The issue is whether K.S.A. 1996 Supp. 21-4603d allows imprisonment without a departure where the offender committed the felony during incarceration, although not while serving a sentence for a felony.

In December 1996, Matthew C. Marsh escaped from the Osborne County jail, where he was being held on charges of burglary and interference with parental custody. During the escape, Marsh

stole a truck. He was subsequently charged with, pled no contest to, and was convicted of aggravated escape from custody, K.S.A. 1996 Supp. 21-3810(a) and felony theft of property, K.S.A. 21-3701. No plea or finding regarding the burglary and custody charges had occurred, nor had Marsh been previously convicted of a felony at the time of his escape.

At the time of his sentencing in March 1997, the presentence investigation report (PSI) properly indicated Marsh's criminal history score was I. The aggravated escape from custody offense was listed as a nonperson felony, severity level 8 crime, and the theft offense was listed as a nonperson felony, severity level 9 crime. Both crimes were marked on the PSI report as presumptive prison, with the boxes marked presumptive probation whited out. Under the section for special rules applicable to this case, there was a check indicating the crime was committed while in custody.

Marsh's counsel argued that although the PSI report had marked Marsh for presumptive imprisonment, the crimes fell within the presumptive probation boxes. Marsh's trial counsel further asserted that K.S.A. 1996 Supp. 21-4603d did not apply because Marsh had no previous felony convictions and had not been sentenced for the felonies for which he was being held at the time of his escape from custody.

The trial court, however, sentenced Marsh to imprisonment for both crimes, to be served concurrently, stating:

"The court notes he was being held in the Osborne County jail for the felonies of burglary and interference with parental custody. While being held on those felonies, he escaped from the county jail; that while he had escaped, he committed new crimes in this county of theft . . . . The court does not believe it's appropriate, when someone is being housed in a jail and they escape, that they be placed on probation. The risk is inherent of escape and running out of custody. It is not a normal criminal act. There is an inherent risk with that. The court believes it's appropriate to sentence him to incarceration for the 8 months, as specified."

The journal entry of judgment followed the Kansas Sentencing Guidelines form and indicated the aggravated escape from custody conviction required presumptive prison for 8 months and was within the standard guidelines range. The court checked "other" under special rule applicable to the sentence, adding "in custody

for felony." The box in this section captioned "Crime Committed While on Probation, Parole, Etc." was left unmarked. Section IV of the form, "Departure Information," which must be filled out when a departure sentence is imposed, was left blank. The concurrent felony theft conviction sentence was marked in almost the same fashion.

Marsh appeals his sentences, claiming he will have likely served his sentence by the time this case is resolved. Our jurisdiction is pursuant to K.S.A. 20-3018(c).

*Standard of Review*

The issue before us is whether the sentence imposed by the trial court is a legally proper sentence and conforms to the guidelines. We are faced with a narrow question of statutory interpretation, which is a question of law over which we have unlimited review. *State v. Arculeo,* 261 Kan. 286, 290, 933 P.2d 122 (1997).

*Does K.S.A. 1996 Supp. 21-4603d apply when a person is being held in custody pending trial on felony charges?*

The only statutory authority that could apply in this case to convert a presumptive nonprison sentence to a presumptive prison sentence without a departure being imposed is K.S.A. 1996 Supp. 21-4603d(a). The State and the trial court have not cited any other statutory authority to support Marsh's sentence of imprisonment.

The relevant portion of K.S.A. 1996 Supp. 21-4603d(a) provides:

"When a new felony is committed while the offender is incarcerated *and serving a sentence for a felony* or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.)

The critical provision of this statute states that it applies "[w]hen a new felony is committed while the offender is incarcerated *and serving a sentence for a felony.*" Both Marsh and the State clearly admit this is not the situation in this case. Marsh was not serving

a sentence for a felony at the time he escaped. The State, both by its brief and in oral argument, concedes this statutory requirement is not met, but attempts to justify the sentence by contending that substantial and compelling reasons were given for the sentence of imprisonment, which was in effect a departure.

The position of both parties is dictated by our interpretation of 21-4603d in *State v. Arculeo*, 261 Kan. 286, where we determined that the term "conditional release" as used in the statute at issue here only applies to those who have already been sentenced for a prior felony conviction and does not apply to a person released on bond pending sentencing in that same case. Our opinion noted that applying this definition of conditional release would mean that all six categories of circumstances in 21-4603d(a) deal with situations in which the offender committed the new felony after he or she had been previously sentenced for a prior felony offense.

The analysis in *Arculeo* is bolstered by our discussion in *State v. Reed*, 237 Kan. 685, 703 P.2d 756 (1985), which need not be referred to in detail because of the parties' agreement as to this issue in this case.

The parties also cite *State v. Burrows*, 23 Kan. App. 2d 342, 929 P.2d 1391, *rev. denied* 261 Kan. 1085 (1997), as an additional case in which the provisions of 21-4603d were applied. However, in *Burrows* there was a specific finding that Burrows committed a new crime after he escaped from incarceration in Oklahoma for a felony conviction. As Burrows had been both convicted and incarcerated, the statute clearly applied, which is totally different from the situation here.

It is clear that a presumptive nonprison sentence cannot be converted to one of imprisonment under the facts in this case. Thus, only if a departure sentence was entered can the present sentence be properly imposed.

*Was a departure sentence legally imposed?*

The short answer to this fallback argument of the State is that a departure sentence clearly was not imposed. The requirements for entering a departure sentence are set forth in K.S.A. 21-4718 and K.S.A. 1996 Supp. 21-4716.

K.S.A. 21-4718 sets out the procedural requirements for imposing a departure sentence. Subsection (a) provides that a hearing shall be held upon motion of either party for the court to consider imposition of a departure sentence. The rest of the statute reads:

"(b) If the court decides to depart on its own volition, without a motion from the state or the defendant, the court must notify all parties of its intent and allow reasonable time for either party to respond if they request. The notice shall state the type of departure intended by the court and the reasons and factors relied upon.

"(c) In each case in which the court imposes a sentence that deviates from the presumptive sentence, the court shall make findings of fact as to the reasons for departure regardless of whether a hearing is requested."

K.S.A. 1996 Supp. 21-4716(a) requires a sentencing judge departing from the presumptive sentence to state on the record at the time of the sentencing the substantial and compelling reasons for the departure. Such was not done here.

In this case, the PSI report stated the crimes warranted a presumptive prison sentence. There was no indication, however, that the court considered the imposition of the sentence to be a departure. Rather, it was apparent the court believed a special rule applied in the present situation which would allow the convictions to be considered presumptive prison rather than presumptive non-prison.

Additionally, the court did not announce at the hearing that it was imposing a departure sentence. Nor did it make any specific findings of fact as to why a departure sentence was being imposed. Further, the journal entry of judgment failed to reflect that the sentence was a departure, and the section required thereon to justify a departure sentence was left blank.

In further support of this conclusion, the part of K.S.A. 1996 Supp. 21-4603d which immediately follows the paragraph previously analyzed requires consideration of a defendant in Marsh's position on the sentencing grid for placement at the Labette Correctional Conservation Camp before imprisonment is imposed. No such consideration by the court was shown on the record of the sentencing hearing.

Based on the facts in this case, a departure sentence was not properly considered or entered. Therefore, we vacate the sentence imposed and remand for resentencing.