(137 P.3d 1077)
No. 94,089

STATE OF KANSAS, *Appellee*, v. COBY LEE VOSS, *Appellant*.

Opinion filed July 14, 2006.

*Nathan Webb*, of Kansas Appellate Defender Office, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before PIERRON, P.J., GREEN and JOHNSON, JJ.

PIERRON, J.: Coby Lee Voss appeals his sentence after pleading guilty to possession of methamphetamine. Voss argues the district court erred under K.S.A. 2005 Supp. 21-4603d(f) in using the fact that he was out on bond in a Kentucky felony theft case to allow imposition of an incarceration sentence instead of the presumptive probation sentence.

On September 30, 2004, Voss was arrested for possession of methamphetamine, possession of drug paraphernalia, and obstruction of official duty. On October 5, 2004, Voss entered a guilty plea to a reduced charge of possession of methamphetamine. Voss' presentence investigation report indicated that at the time of his arrest he was on misdemeanor probation in Polk County, Iowa; on felony parole in Hancock County, Iowa; and on felony bond in Jefferson County, Kentucky.

Before sentencing Voss, the district court conducted several hearings on the applicability of K.S.A. 2005 Supp. 21-4603d(f) and whether it could sentence Voss to imprisonment for the possession of methamphetamine conviction even though the sentence was presumptively a nonprison sentence. The court denied Voss' request for probation. The court concluded Voss had a detainer outstanding from an unresolved felony in Kentucky which affected his ability to perform any probationary sentence and made such a sentence a speculative possibility. The court held that out-of-state bonds are covered by K.S.A. 2005 Supp. 21-4603d(f). The court sentenced Voss to 16 months' incarceration.

Voss argues the district court improperly imposed a prison sentence for a presumptive probation offense when it used evidence of an out-of-state felony bond to impose the special sentence rule in K.S.A. 2005 Supp. 21-4603d(f). Voss asks this court to vacate his sentence immediately and place him on probation.

The State correctly indicates that Voss has already served the 16-month sentence that was imposed in February 2005, taking into account the court's granting of 4½ months' jail time credit. Voss is no longer imprisoned in Kansas. He was released to the state of Kentucky in October 2005. He was paroled to his Kentucky detainer in November 2005. This case is moot. See *In re M.R.*, 272 Kan. 1335, 1339, 38 P.3d 694 (2002) (case moot where the actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose).

However, we will not dismiss this case because it raises a sentencing issue that will undoubtedly reappear in the sentencing courts of Kansas.

" 'An appellate court may sometimes elect to maintain issues, which, although moot, are subjects of real controversy and include issues of statewide interest and importance. When a particular issue, although moot, is one capable of repetition and one of public importance, an appellate court may consider the appeal and render an opinion.' [Citation omitted.]" *Smith v. Martens*, 279 Kan. 242, 244-45, 106 P.3d 28 (2005).

## K.S.A. 2005 Supp. 21-4603d(f) provides:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure. When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, a new sentence may be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608 and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

Article 28 of Chapter 22 of the Kansas Statutes Annotated deals with the process of bonding for appearances in criminal cases.

Voss argues the language in 21-4603d(f) is clear and unambiguous and applies only "when a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated." Voss states that his Kentucky felony bond status does not fall within 21-4603d(f) because the statute says nothing about the inclusion of foreign felony bonds under the jurisdiction of the Kansas courts.

The issue at hand is whether the legislature intended to apply the felony release language in K.S.A. 2005 Supp. 21-4603d(f) only to defendants on release for Kansas felonies.

"Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

" 'The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.' [Citation omitted.]" *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005).

Prior to 1999, 21-4603d did not include the language concerning felony release found in Article 28 of Section 22 of the Kansas Statutes Annotated. In *State v. Marsh*, 263 Kan. 773, 952 P.2d 933 (1998), the court examined whether K.S.A. 1996 Supp. 21-4603d allowed imprisonment without a departure where the offender committed the felony during incarceration, although not while serving a sentence for a felony. The *Marsh* court strictly construed K.S.A. 1996 Supp. 21-4603d and held that if the defendant was not serving a sentence for a felony, then the statute did not apply: "It is clear that a presumptive nonprison sentence cannot be converted to one of imprisonment under the facts in this case. Thus, only if a departure sentence was entered can the present sentence be properly imposed." 263 Kan. at 776.

The legislature remedied the loophole in K.S.A. 1996 Supp. 21-4603d by adding the felony release language at issue in 1999:

"When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, a new sentence may be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608 and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 1999 Supp. 21-4603d.

The language in K.S.A. 2005 Supp. 21-4603d(f) is clear and unambiguous. In order for K.S.A. 2005 Supp. 21-4603d(f) to apply in the situation where the offender is on felony release, the felony release must be "pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated." The legislature did not use the generic language used in the initial section of K.S.A. 2005 Supp. 21-4603d(f), but instead made the new felony release language Kansas specific. Here, the district court stated that if K.S.A.

2005 Supp. 21-4603d(f) does not apply to an out-of-state felony bond, "[t]hat defeats the logic of the statute." The district court's interpretation is directly contrary to the clear and unambiguous language of the statute. The legislature could have easily included language in the statute encompassing any felony release, but it did not. Considering the clarity of the statute, we will not determine what the law should or should not be, but we will apply the statute as written. An out-of-state bond does not bring K.S.A. 2005 Supp. 21-4603d(f) into play. Of course, if the legislature wishes the statute to also apply to out-of-state bonds, it is free to do so.

Reversed.