NOT DESIGNATED FOR PUBLICATION

No. 115,820

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEAN EDMOND WING,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed December 9, 2016. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and LEBEN, JJ.

LEBEN, J.: Dean Wing appeals his sentence following his convictions for failing to register as required under the Kansas Offender Registration Act. But we have no jurisdiction to review a sentence that the district court imposed after agreement by the defendant and the State. Here, Wing and the prosecutor jointly recommended a 24-month sentence, and the district court imposed it. We therefore have no jurisdiction to consider an appeal of that sentence.

To make clear the situation before us, let's briefly review the events that led here. In January 2016, as part of a plea agreement with the State, Wing pled guilty to one count of aggravated violation of the Kansas Offender Registration Act for failing to register for more than 6 months and one additional count for violating the registration act. In the plea

agreement, Wing and the State agreed to jointly recommend that the district court impose a shorter sentence on the aggravated-violation charge than the Kansas sentencing guidelines called for. Specifically, the parties agreed to request that Wing be sentenced to 24 months on the aggravated violation and that the sentence for the other violation run at the same time. Given Wing's criminal-history score, the presumptive guidelines sentence for the aggravated-violation conviction would have been 55, 59, or 61 months in prison. K.S.A. 2015 Supp. 21-6804(a) (sentencing grid for non-drug crimes); K.S.A. 2015 Supp. 22-4903(c)(2).

At sentencing, Wing and the State requested the district court follow the plea agreement and impose the requested shorter sentence. The district court granted Wing's request for a shorter sentence based on the parties' recommendation and on Wing having taken responsibility for his actions. The court sentenced Wing to 24 months in prison for the aggravated violation and 18 months in prison for the other violation, ordering both sentences to run at the same time. Wing has appealed, claiming the district court "erred in sentencing him." Presumably he seeks an even shorter sentence than the 24-month sentence he agreed to when he made his plea.

Now that we have established how the case got to this point and what Wing is seeking to appeal, we must see whether we have the legal authority, or jurisdiction, to consider the matter. We have a duty to consider our jurisdiction on our own even if no party raises the issue. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016). Here, we must look to a statute, K.S.A. 2015 Supp. 21-6820(c)(2), which provides that an appellate court shall not review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." By imposing the sentence that Wing had requested and that was provided in the plea agreement, the district court implicitly approved the sentence the parties bargained for. See *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994), *superseded by statute on other grounds as stated in State v. Huerta*, 291 Kan. 831, 835,

247 P.3d 1043 (2011); *State v. Swisher*, No. 110,148, 2015 WL 4094132, at *3 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1081 (2016). Because the record indicates that our court doesn't have jurisdiction to consider a challenge to Wing's sentence, we must dismiss the appeal. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343 (2013).

We granted Wing's motion for summary disposition of the appeal under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.014A (2015 Kan. Ct. R. Annot. 67). After reviewing that motion and the State's response, we dismiss his appeal for lack of jurisdiction.