NOT DESIGNATED FOR PUBLICATION

Nos. 115,438
115,439

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BOBBY L. WILLIAMS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed April 28, 2017. Appeal dismissed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.

*Per Curiam*: Bobby L. Williams appeals the district court's order directing him to pay $830.70 in restitution. Because Williams agreed to pay restitution in that amount as part of a plea agreement, we find that pursuant to K.S.A. 2016 Supp. 21-6820(c)(2) we lack jurisdiction and dismiss the appeal.

The facts in this case are undisputed. In case 14CR3231, Williams pled guilty to aggravated battery (severity level 7), aggravated assault, and misdemeanor criminal damage to property. In case 15CR748, he pled guilty to aggravated battery (severity level

1

5) and felony driving under the influence (DUI) of alcohol. As part of the plea agreement, the parties agreed to specific sentencing recommendations including the use of minimum grid-box sentencing terms, the imposition of concurrent sentences, and the payment of restitution of at least $830.70.

At sentencing, the presentence investigation report reflected Williams' criminal history score as A, and all parties agreed this designation was correct. Adopting the terms of the plea agreement, the district court imposed prison terms based on the minimum presumptive grid-box numbers and ordered all sentences in the two cases to run concurrently for a controlling term of 122 months. Consistent with the plea agreement, the district court ordered Williams to pay $830.70 in restitution for the 2014 case and $1,750 in fines for the DUI charge but waived the requirement that Williams reimburse the Board of Indigent Defense Services (BIDS) for the attorney fees incurred in his defense. The district court ordered Williams to serve the controlling sentence.

Williams timely appealed from the judgments in both cases, and those appeals were consolidated. On appeal, Williams argues the district court abused its discretion in ordering him to pay restitution because he was ordered to serve 10 years in prison and because the court recognized his inability to pay when it waived the requirement that he repay BIDS for his attorney fees. Williams asserts that even ordering restitution to be paid as a condition of his parole was an abuse of discretion because he would be unemployable after his release because of his convictions and his lack of marketable skills. Consequently, Williams claims that he will not be able to pay the restitution.

As a general rule, when a party challenges the amount of restitution and the manner in which it is to be paid to the aggrieved party, the issue is reviewed under the abuse of discretion standard. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). Judicial action constitutes an abuse of discretion if (1) no reasonable person would take

the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Williams simply argues the restitution order is unreasonable and does not claim any error of law or fact. However, Williams' challenge falters before it leaves the starting gate for two separate and compelling reasons. First, Williams failed to challenge the restitution order below. He did not object to its inclusion in the plea agreement, nor did he make any argument or present any evidence at sentencing that the order of restitution would be unworkable. Usually, a party cannot raise an issue for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (recognizing general rule barring new issues on appeal). Moreover, Williams fails to claim that any of the exceptions to the general rule barring new issues applies in his case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (listing exceptions permitting new issues). Finally, Williams has failed to comply with Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34), which requires an appellant to explain why an issue was not raised below and why it should be considered for the first time on appeal. Williams' failure to comply with this rule precludes us from considering this issue on appeal. See *Godfrey*, 301 Kan. at 1043-44.

The second and more important reason Williams' arguments are flawed is that the order of restitution was an explicit part of the plea agreement. Pursuant to K.S.A. 2016 Supp. 21-6820(c)(2), an appellate court "shall not review . . . (2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." When a district court imposes the sentence requested by the parties as part of a plea agreement, it implicitly approves the bargained-for sentence under K.S.A. 2016 Supp. 21-6820(c)(2) (formerly K.S.A. 21-4721[c][2]). See *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994), *superseded by statute on other grounds as stated in State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011). Therefore, we must dismiss Williams' appeal.

Appeal dismissed.