NOT DESIGNATED FOR PUBLICATION

No. 121,124

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG CASSANOVA DARBY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL AND LEBEN, JJ.

PER CURIAM: While on postrelease supervision for a prior felony, Craig Darby was arrested for committing a new one: failure to register as a sex offender. Under an agreement with the State, Darby pleaded no contest to a less severe version of his crime, attempted failure to register. K.S.A. 2019 Supp. 22-4903(a), (c)(1)(A); K.S.A. 2019 Supp. 21-5301(c)(1). In return, he agreed not to seek probation and to accept a sentence within the presumed range for his offense under the sentencing guidelines. The judge accepted his plea and sentenced him to a 19-month prison term—the standard presumptive sentence for his offense—for the registration offense followed by 1 year of postrelease supervision.

On appeal, Darby raises two arguments. First, he says the judge erred by not imposing a lesser sentence. But we lack jurisdiction to review his sentence because it is within the presumptive range and resulted from a plea agreement. Second, he argues that the district court should have counted his jail time in this case as time spent serving his postrelease supervision sentence in his prior case. But Darby was no longer serving that sentence while he was in jail awaiting plea, trial, or sentencing for the new failure-to-register offense. So the district court didn't err in denying jail credit for his prior case.

ANALYSIS

Darby first argues that the district court abused its discretion in not finding grounds to depart from the presumptive sentence it imposed. But we lack the authority, or jurisdiction, to review that argument. We have a duty to consider our jurisdiction on our own even if no party raises the issue. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016). Here, our jurisdiction is limited by a statute, K.S.A. 2019 Supp. 21-6820(c). That statute precludes appellate review of a sentence that's within the presumptive range for the crime, and of one that results from an agreement with the State that the judge approves on the record. K.S.A. 2019 Supp. 21-6820(c).

Both preclusions apply here. Darby's 19-month prison sentence was within the presumptive range for his offense under the sentencing guidelines, so K.S.A. 2019 Supp. 21-6820(c)(1) precludes us from reviewing it. So does subsection (c)(2), because his sentence resulted from a plea agreement in which he agreed to serve a presumptive sentence. By imposing the sentence that Darby had requested and that was provided in the plea agreement, the district court implicitly approved the sentence the parties bargained for. See *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994), *superseded by statute on other grounds by State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011). Thus, we lack jurisdiction to review Darby's sentence.

2

Next, Darby argues that the district court abused its discretion by not granting him more jail-time credit. The right to credit for time spent in jail awaiting resolution of a criminal charge comes from a statute. See K.S.A. 2019 Supp. 21-6615; *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). That statute treats the time a defendant spends in jail before sentencing as time spent serving the beginning of a sentence that's later imposed in that case. K.S.A. 2019 Supp. 21-6615(a); *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004). In other words, jail-time credits don't reduce a defendant's sentence; they simply credit the defendant for time already served for the offense. See K.S.A. 2019 Supp. 21-6615(c).

Under the jail-credit statute, the time Darby spent in jail from his arrest until sentencing was time he spent serving the beginning of his prison sentence. So the district court credited him for that time by counting it as time he'd already served for his 19-month prison sentence he received on the failure-to-register conviction. Darby says the court should have also counted that time as time spent serving the unrevoked postrelease supervision sentence from his prior case.

But the district court couldn't do that because as soon as Darby was arrested, he was no longer serving the postrelease sentence from his prior case. A postrelease supervision sentence can't be served when the defendant goes back to jail because the defendant is no longer released from confinement. K.S.A. 2019 Supp. 21-6803(p); *State v. Gaudina*, 284 Kan. 354, 358-59, 160 P.3d 854 (2007). So a court can't count jail time for a new crime—time spent in jail for the new crime from the arrest until sentencing—as time spent serving the unrevoked postrelease supervision sentence. *White v. Bruce*, 23 Kan. App. 2d 449, Syl. ¶ 2, 932 P.2d 448 (1997).

In sum, when Darby was arrested and imprisoned for not registering as a sex offender, he stopped serving the postrelease supervision sentence because he was now

3

confined. So the district court didn't err by not counting jail time in this case as time spent on postrelease supervision in his prior case.

On Darby's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. Ct. R. 47). After reviewing the record available to the sentencing court, we lack jurisdiction to review Darby's sentence and find no error in the decision to not credit jail time towards his prior postrelease supervision sentence.

We affirm the district court's judgment.