(888 P.2d 866)

No. 71,482

State of Kansas, *Appellee,* v. Paul Wesley Myers, *Appellant.*

Opinion filed January 20, 1995.

*Jeffrey L. Shaw,* assistant appellate defender, *Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Paul Kritz,* assistant county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before Royse, P.J., Larson, J., and John J. Bukaty, Jr., District Judge, assigned.

Larson, J.: Paul Wesley Myers appeals the trial court's denial of his motion requesting a dispositional sentence departure.

Myers was convicted by a jury of involuntary manslaughter, K.S.A. 1993 Supp. 21-3404, arising out of an altercation on July 18, 1993, in which Myers shot and killed Arthur Thornton.

At sentencing, the trial court found the crime was a severity level 5 felony and Myers' criminal history classification was category F. Myers did not contest either determination, but requested a dispositional departure from the presumption of imprisonment to place him on probation or in community corrections. In support of his motion, Myers alleged mitigating circumstances listed in K.S.A. 1993 Supp. 21-4716 that warranted departure, *i.e.,* the victim was the aggressor and Myers suffered a continuing pattern of physical abuse.

The trial court denied Myers' motion for a dispositional departure and sentenced him to the mid-range sentence of grid block 5-F of 44 months' imprisonment. Myers appeals.

Myers concedes his sentence falls within the presumptive range and the trial court correctly determined the crime severity level and criminal history category. His only argument is the trial court erred in denying his motion for a dispositional departure.

The parties were ordered to brief this court's jurisdiction to hear Myers' appeal.

K.S.A. 1993 Supp. 21-4721 provides:

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime."

The State argues, based on the plain language of K.S.A. 1993 Supp. 21-4721(c)(1), this court does not have jurisdiction to hear an appeal of a trial court's denial of a motion for a departure when the sentence imposed falls within the presumptive range.

Myers contends the plain language of the statute does not expressly prohibit an appeal from a sentence where the trial court denied a departure request and because penal statutes are to be strictly construed against the State, we should hear his appeal.

In resolving this jurisdictional question, this court must interpret provisions of the Kansas Sentencing Guidelines Act (KSGA). The interpretation of statutes is a question of law; therefore, this court's scope of review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

Myers' argument ignores and fails to take into consideration the general rules of statutory construction. "The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute." *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). Finally, the rule that penal statutes are to be strictly construed against the State is subordinate to the rule that judicial interpretation must

effectuate the legislative design and true intent of the legislature. *State v. Schlein*, 253 Kan. 205, 215, 854 P.2d 296 (1993).

To us, the language of K.S.A. 1993 Supp. 21-4721(c)(1) is clear. Neither the defendant nor the State may appeal a sentence that falls within the presumptive range, even if the trial court has denied a motion for departure. The legislative intent and wording of the statute plainly does not allow an appeal when the sentence given falls within the sentencing range (grid block) for the crime and criminal history.

It is also clear that if the trial court departs from the presumptive sentence, that sentence may be appealed by either the defendant or the State. K.S.A. 1993 Supp. 21-4721(a). In addition, a defendant may appeal a sentence that resulted from partiality, prejudice, oppression, or corrupt motive, K.S.A. 1993 Supp. 21-4721(e)(1), or an error in crime severity level or criminal history category, K.S.A. 1993 Supp. 21-4721(e)(2) and (3). Myers does not assert any appealable error herein.

The states of Oregon and Washington have statutes similar to K.S.A. 1993 Supp. 21-4721, which limit appeals of guideline sentences. Decisions by their courts have reached the same result we reach herein.

The Oregon statute, Or. Rev. Stat. § 138.222 (1993), is similar to K.S.A. 1993 Supp. 21-4721. It provides a defendant may not appeal a presumptive sentence but may appeal a departure sentence. The Oregon Court of Appeals has held its statute does not give Oregon appellate courts the authority to review a trial court's decision not to depart. *State v. Fern*, 110 Or . App. 185, 822 P.2d 1210 (1991); *State v. Cook*, 108 Or. App. 576, 816 P.2d 697 (1991), *rev. denied* 312 Or. 588 (1992).

Similarly, the Washington statute, Wash. Rev. Code § 9.94A.210 (1994), provides that a defendant may not appeal a sentence within the standard range but may appeal a sentence outside the standard range. In Washington, a sentence outside the standard range is called an "exceptional" sentence but is the equivalent of a departure sentence in Kansas. The Washington Court of Appeals has held that under its statute, a defendant can-

not appeal the trial court's failure to impose an exceptional sentence. *State v. Ward*, 65 Wash. App. 900, 830 P.2d 383 (1992).

The appeal attempted herein is precisely the type of an appeal which is not permitted by the KSGA. Appellate courts do not have jurisdiction to consider appeals of this nature.

Appeal dismissed.