(897 P.2d 1041)

No. 71,556

STATE OF KANSAS, *Appellee*, v. RODERICK M. CRAWFORD, *Appellant.*

Opinion filed June 16, 1995.

*Wendy L. Rhyne Slayton*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Peter G. Collins*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ROYSE, P.J., PIERRON, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

SCHMISSEUR, J.: Roderick M. Crawford appeals the sentence imposed following his plea of no contest to one count of robbery, K.S.A. 1994 Supp. 21-3426. Specifically, Crawford contends the trial court erred in the extent of its downward durational departure and in failing to impose a nonprison sentence under the Kansas Sentencing Guidelines Act (KSGA). We dismiss for lack of appellate jurisdiction.

Around midnight on August 14, 1993, a Wichita man was dragged from his car and beaten by several other men. While Crawford's involvement in the beating was unclear, the victim saw Crawford during the beating and later saw him drive away in the victim's car. Crawford was arrested a few hours after the beating driving the victim's car.

Pursuant to a plea bargain, Crawford pled no contest to one count of robbery, a severity level 5 person felony under K.S.A. 1994 Supp. 21-3426. With a criminal history category of C, Crawford fell into the sentencing guidelines grid box 5-C, which provides a mid-range sentence of 57 months' imprisonment. At sentencing,

the court granted Crawford's motion for a durational departure and sentenced Crawford to 34 months' imprisonment. The court refused Crawford's request for a dispositional departure. On appeal, Crawford argues the district court erred by not departing further as to the duration of his sentence and by not ordering a dispositional departure.

To resolve Crawford's argument, this court must interpret provisions of the KSGA. Interpretation of statutes is a question of law over which this court's review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

K.S.A. 1994 Supp. 21-4721(c)(1) provides that an appellate court shall not review any sentence within the presumptive sentence range. This court recently held in *State v. Myers*, 20 Kan. App. 2d 401, 403, 888 P.2d 866 (1995), that it did not have jurisdiction to consider an appeal from a sentencing court's denial of a defendant's motion for a departure sentence.

In this case, had the sentencing court denied Crawford's motion for departure and imposed a presumptive sentence, there would be no jurisdiction to consider an appeal. However, K.S.A. 1994 Supp. 21-4721(a) provides that a departure sentence is subject to appeal by the defendant or the State.

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

We interpret the KGSA to limit appellate jurisdiction by either the State or the defendant to those instances in which the sentencing court has departed adversely to the appealing party.

In this case, the durational departure clearly favored the defendant by rejecting his presumptive mid-range sentence of 57 months' imprisonment and imposing a sentence of 34 months' imprisonment.

The sentencing court's failure to grant a dispositional departure (presumed imprisonment v. nonprison sentence) is not subject to appeal under K.S.A. 1994 Supp. 21-4721(c)(1) and *State v. Myers*, 20 Kan. App. 2d at 402.

The appeal is dismissed for lack of jurisdiction.