No. 76,808

STATE OF KANSAS, *Appellee,* v. TERI JANE FORD, *Appellant.*

(936 P.2d 255)

Opinion filed April 18, 1997.

*James Brent Getty,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the briefs for appellant.

*Joe Shepack,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Teri Jane Ford was convicted of one count of conspiracy to deliver marijuana and was sentenced to imprisonment for 18 months. She appeals the sentence. The case was transferred by this court from the Court of Appeals pursuant to K.S.A. 20-3018(c).

Ford pled guilty to one count of conspiracy to deliver marijuana. The severity level of the offense is 3 for drug offenses. The State stipulated that Ford's criminal history classification would be 3-G for the purpose of sentencing in this case. Ford was sentenced in March 1996. The journal entry shows that the criminal history classification that was used to calculate Ford's sentence was F. The 3-F block in the drug grid provided a range of months from 26 to 24

to 23. K.S.A. 21-4705(a). The presumptive guidelines sentence, according to the journal entry, was 23 to 26 months "minus 6 months for conspiracy." Thus, the court ordered that the defendant be sentenced to serve 18 months' imprisonment.

Ford's presentence motion for a dispositional departure was denied. After reviewing the presentence investigation report, the sentencing judge stated:

"[T]he thing that strikes me as being the overriding factor in here is a page and half of criminal history. Although, some of the matters that the Defendant has, all the criminal history records are not all that serious, nevertheless a number of them involve drugs and alcohol and driving, what would be referred to as DUI and so forth. And I believe that while sending a prisoner some marijuana because he is addicted and needs it might seem trivial to some, it's not very trivial as far as I'm concerned."

When Ford was sentenced in March 1996, the 3-F block in the drug grid provided a presumptive imprisonment range from 23 to 24 to 26 months. K.S.A. 21-4705(a) was amended in 1996, effective July 1, 1996. L. 1996, ch. 258, § 11. The range of months remained the same in the 3-F block in the drug grid that became effective a few months after Ford was sentenced, but the designation of presumptive imprisonment was changed to that of "border box." K.S.A. 1996 Supp. 21-4705(a). With regard to the dispositions appropriate for offenses classified in border boxes, the statute provides, in part:

"If an offense is classified in grid blocks 3-E, 3-F, 3-G, 3-H, 3-I, 4-E or 4-F, the court may impose an optional nonprison sentence upon making the following findings on the record:
    (1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and
    (2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or
    (3) the nonprison sanction will serve community safety interests by promoting offender reformation." K.S.A. 1996 Supp. 21-4705(d).

Ford contends that the amended drug grid should be applied retroactively. She advocates this court's vacating her sentence and remanding the case to the district court for resentencing under K.S.A. 1996 Supp. 21-4705.

Ford relies on the plain language of the statute for support for her position. K.S.A. 1996 Supp. 21-4705(a) consists of the drug offenses grid introduced by these words: "For the purpose of sentencing, the following sentencing guidelines grid for drug crimes shall be applied in felony cases under the uniform controlled substances act for crimes committed on or after July 1, 1993: . . ." The State argues that the statute should not be applied retroactively because it is substantive and contains no express retroactive provision. We agree.

It is a fundamental rule of statutory construction that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. *State v. Sutherland,* 248 Kan. 96, Syl. ¶ 4, 804 P.2d 970 (1991). An exception to the rule has been recognized for statutory change that is merely procedural or remedial in nature, but that exception has no application in the present case because a statute that defines the length or type of criminal punishment is substantive. 248 Kan. at 106.

In *Sutherland,* the court stated: "The legislature is aware of this court's established rules of statutory construction. The legislature is aware, and has, on many occasions, used specific language to clearly set forth whether a statute is to be applied prospectively or retrospectively." 248 Kan. at 106. One of the occasions on which the legislature expressly provided for retroactive application was in enacting the Kansas Sentencing Guidelines Act (Act) in 1993. K.S.A. 21-4701 *et seq.* At that time, the legislature prefaced the grids for nondrug and drug crimes with the directive that they "shall be applied in felony cases for crimes committed on or after July 1, 1993." K.S.A. 21-4704(a); see K.S.A. 21-4705(a). In another section of the Act, K.S.A. 21-4724, the legislature prescribed when and how the guidelines were to be applied to persons who committed crimes prior to July 1, 1993. The State argues that the contrast between the legislature's including a retroactivity provision in the 1993 enactment of the sentencing guidelines and not including one in the 1996 amendments shows that the legislature did not intend for the amendments to be applied retroactively.

The State characterizes the language relied on by Ford as a preamble that announces the effective date of the statute. In a limited

sense, the State's characterization is correct. In a somewhat broader sense, that language establishes which event in the series of events from perpetration through prosecution of a crime determines whether a defendant will be sentenced under the sentencing guidelines or pursuant to previous law. It establishes commission of the crime as the controlling event, and it establishes that crimes committed on or after July 1, 1993, will be punished according to the sentencing guidelines. Hence, if the legislature had changed the date in the language prefacing the drug grid to coincide with the effective date of the 1996 amendment, the resulting provision might have been construed to restrict application of the sentencing guidelines to crimes committed on or after July 1, 1996. By not changing the date in K.S.A. 1996 Supp. 21-4705(a), the legislature maintained July 1, 1993, as the date on or after which a crime had to be committed in order for the sentencing guidelines to govern punishment. We conclude that the 1996 amendment to 21-4705 must be applied prospectively and is not applicable in the present case.

The State also argues that this court does not have jurisdiction to entertain Ford's appeal on the question whether the 1996 amendments apply in her case. In *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶¶ 1, 2, 888 P.2d 866 (1995), the Court of Appeals stated:

"Appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. K.S.A. 1993 Supp. 21-4721(c)(1)."

"The filing and denial of a motion requesting departure by either the defendant or the State has no effect on the rule that a sentence within the presumptive sentence grid block is not subject to review on appeal."

Ford argues that *Myers* does not apply in the present case because the legislature changed the presumption when it amended the statute. We do not agree. Ford's sentence was within the presumptive sentence for her crime in the drug grid effective at the time she was sentenced. Since the 1996 amendment to 21-4705

acts prospectively, it has no effect on Ford's presumptive sentence. Thus, Ford's sentence is not subject to review.

Appeal dismissed.