(942 P.2d 658)

No. 76,593

HARLAN K. COMER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed July 18, 1997.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Kathleen W. Rein*, of Stull & Rein, of Pratt, for appellee.

Before RULON, P.J., WAHL, S.J., and RICHARD M. SMITH, District Judge, assigned.

RULON, J.: Petitioner Harlan K. Comer filed a K.S.A. 60-1507 petition claiming the 1996 amendments to the Kansas Sentencing Guidelines Act (KSGA) should be applied retroactively, making him eligible for conversion. The district court denied the relief sought by petitioner. We affirm.

On July 26, 1989, petitioner entered a plea of guilty to the sale of amphetamines in violation of K.S.A. 1989 Supp. 65-4127b(b)(2) and was sentenced to 2 to 10 years' imprisonment. On September 19, 1995, petitioner filed a 60-1507 petition asking the district court to convert his sentence to a sentence under the KSGA. Based on his criminal history and crime severity level, petitioner fell into grid box 3-I. The district court found that under K.S.A. 1994 Supp. 21-

4724(b)(1) and K.S.A. 1994 Supp. 21-4705(c), inmates whose sentences fell in grid block 3-I were eligible for conversion only if the substance involved in the crime was marijuana or tetrahydrocannabinol, and because petitioner's crime involved amphetamines, petitioner was not eligible.

Petitioner claims that although the district court's decision to *not* convert may have been correct when petitioner was originally sentenced, K.S.A. 1994 Supp. 21-4705(c) has since been amended and the amended statute should apply to petitioner's sentence.

K.S.A. 1996 Supp. 21-4705, effective July 1, 1996, states in pertinent part:

"(a) For the purpose of sentencing, the following sentencing guidelines grid for drug crimes shall be applied in felony cases under the uniform controlled substances act for crimes committed on or after July 1, 1993:

. . . .

"(c)(1) The sentencing court has discretion to sentence at any place within the sentencing range. The sentencing judge shall select the center of the range in the usual case and reserve the upper and lower limits for aggravating and mitigating factors insufficient to warrant a departure.

(2) In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the prison sentence, the maximum potential reduction to such sentence as a result of good time and the period of postrelease supervision at the sentencing hearing. Failure to pronounce the period of postrelease supervision shall not negate the existence of such periods of postrelease supervision.

(3) In presumptive nonprison cases, the sentencing court shall pronounce the prison sentence as well as the duration of the nonprison sanction at the sentencing hearing."

The district court here applied K.S.A. 1994 Supp. 21-4705(c). That statute reads as follows:

"(c) Upon conviction of any person pursuant to K.S.A. 65-4127b or K.S.A. 1994 Supp. 65-4161 or 65-4163 and amendments thereto, or a conviction of an attempt, a conspiracy or a solicitation as provided in K.S.A. 21-3301, 21-3302, or 21-3303 and amendments thereto, to commit a violation of K.S.A. 65-4127b or K.S.A. 1994 Supp. 65-4161 or 65-4163 and amendments thereto, in which the substance involved was marijuana or tetrahydrocannabinol *as designated in subsection (d) of* K.S.A. 65-4105 and amendments thereto; such substance was possessed with intent to sell, sold or offered for sale in an amount which does not exceed 500 grams or 25 plants; such substance was not possessed with intent to sell, sold or offered for sale as provided in subsection (d) of K.S.A. 65-4127b or subsection (b) of

K.S.A. 1994 Supp. 65-4163 and amendments thereto; and such offense is classified in grid blocks 3-H or 3-I of the presumptive sentencing guidelines grid for drug crimes, the court may impose an optional nonprison sentence upon making the following findings on the record . . . ."

K.S.A. 1993 Supp. 21-4705(c) reads:

"Upon conviction of any person pursuant to K.S.A. 65-4127b and amendments thereto, in which the substance involved was marijuana or tetrahydrocannabinol as designated in subsection (d) of K.S.A. 65-4105 and amendments thereto; such substance was possessed with intent to sell, sold or offered for sale in an amount which does not exceed 500 grams or 25 plants; such substance was not possessed with intent to sell, sold or offered for sale as provided in subsection (d) of K.S.A. 65-4127b and amendments thereto; and such offense is classified in grid blocks 3-H or 3-I of the presumptive sentencing guidelines grid for drug crimes, the court may impose an optional nonprison sentence upon making the following findings on the record . . . ."

Clearly under K.S.A. 1993 Supp. 21-4705(c) (as well as K.S.A. 1994 Supp. 21-4705[c]), petitioner was not eligible for conversion.

A 1996 amendment to 21-4705(c) removed the language involving marijuana and tetrahydrocannabinol and no longer limits the sentencing court's discretion to impose an optional nonprison sentence as did the 1993 version of the statute. Consequently, the question before this court is if the amended statute should be applied to petitioner's motion to convert, thereby allowing petitioner's sentence to be converted.

"The legislature clearly intended that the defendant's sentence be modified by comparison with the sentencing guidelines as if the 'crime' had been committed on or after July 1, 1993. In converting a sentence, the legislature intended that the Department of Corrections use records available to it to determine what the defendant did when the crime was committed and convert that crime to an analogous crime existing after July 1, 1993." *State v. Fierro*, 257 Kan. 639, 650, 895 P.2d 186 (1995).

Following *Fierro*, petitioner's crime of conviction would be converted to an analogous crime existing on or after July 1, 1993. Based on the statutes in effect at that time, petitioner's crime of conviction had a severity level of 3. Petitioner's criminal history would have been I. As such, petitioner would have been placed in grid block 3-I. Petitioner does not dispute that fact.

"The fundamental rule [of sentencing] is that a person convicted of a crime is given the sentence in effect when the crime was committed." *State v. Riley*, 259 Kan. 774, Syl. ¶ 3, 915 P.2d 774 (1996); see K.S.A. 21-4724(f). Because petitioner's crime of conviction is based on the statutes as they existed on July 1, 1993, his proper sentence would be the sentence in effect on that date.

"When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute." *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995). Based upon clear statutory language, eligibility for sentence conversion under the KSGA is governed by the statutes in effect as of July 1, 1993, the effective date of partial retroactive application of the KSGA. Generally, subsequent amendments to the KSGA are not applied retroactively unless so designated by the legislature. See *State v. Ford*, 262 Kan. 206, 208-09, 936 P.2d 255 (1997).

In the present case, the district court relied on K.S.A. 1994 Supp. 21-4705(c) in denying petitioner's requested relief. Although the court relied on the wrong statute, it would have reached the same result using K.S.A. 1993 Supp. 21-4705(c). "When the trial court reaches the correct result based upon the wrong reason, this court will affirm the trial court." *Cabral v. State*, 19 Kan. App. 2d 456, Syl. ¶ 9, 871 P.2d 1285 (1994).

Affirmed.