NOT DESIGNATED FOR PUBLICATION

No. 113,594

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES DOUGLAS GASSETT, II,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed September 4, 2015. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.

*Per Curiam*:  Charles Douglas Gassett, II, appeals his sentence following his convictions of two counts of attempted aggravated indecent liberties with a child. We granted Gassett's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On November 19, 2014, Gassett pled no contest to two counts of attempted aggravated indecent liberties with a child. Pursuant to a plea agreement, he requested the mitigated sentencing term for both counts and that the counts run consecutive. At the sentencing hearing on December 19, 2014, the district court honored his request and imposed a presumptive sentence of 40 months' imprisonment on count one and 17

1

months' imprisonment on count two. The counts were ordered to run consecutive for a controlling term of 57 months' imprisonment. Gassett timely appealed.

On appeal, Gassett argues that the district court erred in sentencing him. But as Gassett acknowledges, appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. See K.S.A. 2014 Supp. 21-6820(c)(1); *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995). Likewise, an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. K.S.A. 2014 Supp. 21-6820(c)(2); see *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994).

Gassett also contends that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt. But the mere assertion of constitutional error does not confer this court with jurisdiction to review the merits of Gassett's challenge to the imposition of a presumptive sentence. See *State v. Huerta*, 291 Kan. 831, 840, 247 P.3d 1043 (2011). Even if this court had jurisdiction to review the constitutional issue, Gassett's claim is without merit. See *State v. Ivory*, 273 Kan. 44, 47, 41 P.3d 781 (2002) (the use of prior criminal history does not violate a defendant's constitutional rights under *Apprendi*).

Appeal dismissed.