NOT DESIGNATED FOR PUBLICATION

Nos. 113,886
113,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY TAGUE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 23, 2015. Affirmed in part and dismissed in part.


Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).


Before MALONE, C.J., PIERRON and BRUNS, JJ.


*Per Curiam*:  Jimmy L. Tague appeals the district court's decision revoking his probation in one case and denying his motion for a dispositional departure in another case. We granted Tague's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.


In 13CR778, Tague pled guilty to an offender registration violation. The district court sentenced Tague to 27 months' imprisonment but granted a dispositional departure to probation with community corrections for 24 months.

1

In 14CR2551, Tague again pled guilty to an offender registration violation and admitted to violating his probation in 13CR778 by failing to register. Tague requested the district court to reinstate his probation in 13CR778 and grant him a dispositional departure to probation in 14CR2551. The district court denied Tague's request, revoked his probation in 13CR778, and sentenced him to 34 months' imprisonment in 14CR2551. Tague appealed. The cases have been consolidated on appeal.

Tague first claims that the district court erred in revoking his probation in 13CR778. Tague explains that the reason he failed to register is because he was homeless, which made it difficult for him to find a place to live, and then register his change of address. Tague also explains that although he was discharged from the New Beginnings program for smoking cigarettes, the program was willing to accept him back.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court initially showed leniency in 13CR778 by granting Tague a dispositional departure to probation. Tague failed to take advantage of this opportunity by again failing to register which constituted a new felony while on probation. As Tague acknowledges, K.S.A. 2014 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation

2

without imposing an intermediate sanction. The district court's decision to revoke Tague's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Tague's probation in 13CR778 and ordering him to serve his underlying prison sentence.

Tague also claims that the district court erred in denying his motion for a dispositional departure in 14CR2551. But as Tague acknowledges, appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. See K.S.A. 2014 Supp. 21-6820(c)(1); *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995). Thus, this court lacks jurisdiction to consider Tague's appeal of his presumptive sentence in 14CR2551.

Finally, Tague contends that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d (2000), by using his prior criminal history to increase his sentence without proving the criminal history to a jury beyond a reasonable doubt. We lack jurisdiction to consider this claim in 13CR778 because Tague did not timely appeal his sentence in that case. See K.S.A. 2014 Supp. 22-3608(c) (defendant shall have 14 days after the judgment of the district court to appeal); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Even if we had jurisdiction to review Tague's presumptive sentence in 14CR2551, our Supreme Court has rejected this claim in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). There is no indication that our Supreme Court is departing from its position in *Ivory*.

Affirmed in part and dismissed in part.