NOT DESIGNATED FOR PUBLICATION

No. 113,811

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAD L. BEDEAUX,
*Appellant*.


MEMORANDUM OPINION


Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed December 23, 2015. Appeal dismissed.


Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).


Before MALONE, C.J., PIERRON and BRUNS, JJ.


*Per Curiam*:  Chad Lindell Bedeaux appeals his sentence following his convictions of one count of aggravated assault on a law enforcement officer and one count of fleeing or attempting to elude a law enforcement officer. We granted Bedeaux's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.


On May 10, 2012, pursuant to a plea agreement, Bedeaux pled no contest to one count of aggravated assault on a law enforcement officer with a deadly weapon and one count of fleeing or attempting to elude a law enforcement officer resulting in an accident or damage to property. On July 24, 2012, the district court followed the terms of the plea agreement and imposed a presumptive controlling sentence of 34 months' imprisonment

1

with 24 months' postrelease supervision. Bedeaux timely appealed. On June 4, 2015, this court granted Bedeaux's motion to docket his appeal out of time.

On appeal, Bedeaux claims that "the district court erred in sentencing him." But as Bedeaux acknowledges, appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. See K.S.A. 2014 Supp. 21-6820(c)(1); *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995). Moreover, an appellate court shall not review any sentence resulting from a plea agreement between the State and the defendant which the sentencing court approves on the record. See K.S.A. 2014 Supp. 21-6820(c)(2); *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994). Thus, this court lacks jurisdiction to review Bedeaux's presumptive, plea negotiated sentence.

Bedeaux also contends that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d (2000), by using his prior criminal history to increase his sentence without proving the criminal history to a jury beyond a reasonable doubt. But as Bedeaux acknowledges, even if this court had jurisdiction to review his sentence, our Supreme Court has rejected this claim in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). There is no indication that our Supreme Court is departing from its position in *Ivory*.

Appeal dismissed.