NOT DESIGNATED FOR PUBLICATION

No. 115,202

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JENNIFER ROSE YAEGER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Marshall District Court; JAMES A. PATTON, judge. Opinion filed June 3, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.


*Per Curiam*:  Jennifer Rose Yaeger appeals her sentence following her convictions of possession of methamphetamine and criminal deprivation of property. We granted Yaeger's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response. We affirm in part and dismiss in part.

On May 26, 2015, Yaeger pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony, and one count of criminal deprivation of property, a class A misdemeanor. On August 18, 2015, based on Yaeger's criminal history score of I, the district court imposed a standard presumptive sentence of 11 months' imprisonment on the felony conviction of possession of methamphetamine. The

1

district court imposed a sentence of 12 months in the county jail on the misdemeanor conviction of criminal deprivation of property and ordered the sentences to run consecutive. Yaeger timely appealed.

On appeal, Yaeger argues that "the district court erred in sentencing her." But as Yaeger acknowledges, an appellate court lacks jurisdiction to review any sentence that is within the presumptive sentence for the crime. See K.S.A. 2015 Supp. 21-6820(c)(1); *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995). We lack jurisdiction to review Yaeger's presumptive sentence on the felony conviction. Yaeger makes no attempt to argue that the district court abused its discretion by sentencing her to 12 months in the county jail on the misdemeanor conviction or by running the sentences consecutive. Thus, we affirm the district court's sentence on the misdemeanor conviction.

Affirmed in part and dismissed in part.