NOT DESIGNATED FOR PUBLICATION

Nos. 116,107
116,108

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RENE M. IBARRA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed February 24, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


*Per Curiam*:  Rene M. Ibarra appeals his sentences in two consolidated cases in district court. We granted Ibarra's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response stating that summary disposition "seems inappropriate" in this case.

In 15CR1705, Ibarra pled guilty to one count of offender registration violation. In 15CR3365, Ibarra pled guilty to one count of possession of methamphetamine and one count of possession of cocaine. The district court granted Ibarra's motion for a downward durational departure in each case, but it denied his request for a downward dispositional

1

departure to probation. The district court imposed consecutive sentences of 24 months' imprisonment in each case. Ibarra timely appealed.

On appeal, Ibarra claims the district court "abused its discretion in denying his request for a dispositional departure sentence." He also contends the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without putting it to a jury and proving it beyond a reasonable doubt.

Ibarra cites *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995), for the proposition that appellate courts are without jurisdiction to consider appeals from a presumptive sentence. However, as the State correctly notes in its response, Ibarra did not receive a presumptive sentence; rather, he received a durational departure sentence and this court has jurisdiction to review his claim regarding the district court's refusal to further grant a dispositional departure. See *State v. Looney*, 299 Kan. 903, 906-09, 327 P.3d 425 (2014). Thus, we have jurisdiction to consider Ibarra's claim that the district court erred in denying his request for a dispositional departure sentence.

An appellate court reviews the extent of a district court's departure sentence for an abuse of discretion. *State v. Favela*, 259 Kan. 215, 243, 911 P.2d 792 (1996). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the record reflects that Ibarra has a lengthy criminal history. He was convicted of multiple new felonies in the cases before the district court. The district court showed leniency by granting Ibarra's request for a durational departure. However, Ibarra fails to establish that the district court abused its discretion by denying his request for a dispositional departure to probation.

2

Ibarra also claims the district court violated his constitutional rights under *Apprendi*. However, as Ibarra acknowledges, the Kansas Supreme Court has rejected a similar claim in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication our Supreme Court is departing from its position in *Ivory*.

Affirmed.