NOT DESIGNATED FOR PUBLICATION

No. 116,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

V.

JIMMY D. BEHEL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed July 28, 2017. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*: Jimmy D. Behel appeals the sentence imposed upon his conviction for possession of marijuana in Reno County District Court. Behel contends the district court abused its discretion by failing to grant him a greater durational sentencing departure. We find no error in the district court's exercise of its discretionary sentencing decision and, therefore, affirm the sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 2014, Hutchinson Police Officer Lance Crenshaw responded to a suspicious activity call at Salt City Pawn and Jewelry. Officer Crenshaw spoke with an employee of the pawn shop, who reported that Behel had thrown a bag over the fence surrounding the pawn shop's property. The pawn shop's video camera recorded Behel throwing the bag. Later that evening, Behel had returned and attempted to retrieve the bag by climbing over the fence. He was apprehended at the scene and inside the bag was a pipe and two small bags of marijuana.

Behel was charged with felony possession of marijuana (after a prior conviction) and possession of drug paraphernalia. As part of plea negotiations, the State dismissed the drug paraphernalia charge and Behel pled no contest to felony possession of marijuana with the State's agreement to recommend a sentencing departure to 14 months' imprisonment (the mitigated penalty within the G grid box).

After receiving the presentence investigation report, Behel lodged an objection to his criminal history score, challenging the inclusion of an Alabama felony conviction for assault. The State responded to Behel's objections, and the district court resolved the matter in favor of the State at the sentencing hearing on February 11, 2016.

Despite Behel's higher-than-expected criminal history score, the State reaffirmed its sentencing departure recommendations as provided in the plea agreement. The district court followed the sentencing recommendations made in the plea agreement, granted a downward durational sentencing departure to an underlying 14 months in prison, and granted Behel an 18-month probation.

Behel filed a timely notice of appeal from sentencing.

ANALYSIS

The sole issue Behel raises on appeal concerns the extent to which the district court departed from the presumptive guidelines sentence. He argues that the district court abused its discretion by not ordering a greater durational departure than the 14-month prison term imposed. Behel does not complain, however, about the district court's granting of probation.

Previously, this court has held that a criminal defendant who obtains a favorable departure sentence may not appeal the extent of the departure. See *State v. Crawford*, 21 Kan. App. 2d 169, 170, 897 P.2d 1041 (1995) ("We interpret the [Kansas Sentencing Guidelines Act] to limit appellate jurisdiction by either the State or the defendant to those instances in which the sentencing court has departed adversely to the appealing party."). In 2014, however, the Kansas Supreme Court overruled this long-standing precedent to hold that an appellate court possesses jurisdiction to review any departure sentence and that a criminal defendant may properly challenge the extent of a downward sentencing departure. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) ("We therefore explicitly overrule *Crawford* and hold all departure sentences are subject to appeal under K.S.A. 21-4721[a] unless appellate jurisdiction is divested by a more specific provision.").

Generally, when the extent of a departure is challenged on appeal, the court reviews the matter for an abuse of judicial discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015); *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011); *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014), *rev. denied* 302 Kan. 1013 (2015). The party alleging an abuse of judicial discretion bears the burden of establishing the abuse. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

An abuse of judicial discretion may occur when the court misapplies the applicable law or pertinent facts. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). But Behel has not pointed to any mistake of law or fact. Consequently, this court may find an abuse of discretion only if the decision of the district court was so arbitrary, fanciful, or unreasonable that no other person in the position of the district court would have reached a similar decision. See *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

On appeal, Behel attempts to establish a judicial abuse of discretion by emphasizing the small amount of marijuana he possessed and the fact that his only prior person felony conviction was more than 10 years old. While these facts are accurate, Behel's argument is undermined by one simple but important fact: Behel did not request a greater durational departure at the time of his sentencing in the district court. On the contrary, in his motion for departure, Behel stated that the State jointly recommended an underlying 14-month prison term. The use of the word "jointly" indicates that Behel was also requesting the district court to impose an underlying 14-month prison term.

Although Behel and the State did not anticipate that an Alabama conviction for assault would increase Behel's criminal history score to C, the State remained faithful to the plea agreement and continued to recommend the underlying 14-month prison term at sentencing. Importantly, while he was free to argue for a lesser sentence under the terms of the plea agreement, Behel did not do so. He merely urged the district court to follow the sentencing recommendations as provided in the plea agreement. In response, the district court complied with Behel's request and imposed the departure sentence jointly recommended by Behel and the State.

Given that Behel never sought a greater durational departure, and in fact, urged the district court to impose a 14-month prison sentence, we conclude that Behel has not shown that the extent of the district court's sentencing departure was arbitrary, fanciful, or

unreasonable. See 303 Kan. at 1065. Moreover, because Behel specifically requested imposition of a 14-month durational departure sentence in the district court, he has waived the right to claim error on appeal. We hold the district court did not err in imposing a 14-month durational departure sentence in this case.

Affirmed.