NOT DESIGNATED FOR PUBLICATION

No. 116,383

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEDEDIAH S. UNRUH,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 22, 2017. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.


PER CURIAM: As part of a plea agreement with the State, Jedediah S. Unruh pled no contest to a single count of felony possession of marijuana. In exchange, the State agreed to recommend the low number in the appropriate sentencing guidelines grid box and probation. Unruh's anticipated criminal history score was C, which would place his sentence in a border box, meaning there was no presumption concerning imprisonment versus probation and the presumptive low number prison sentence would be 28 months. However, Unruh's criminal history score calculated to be a B, meaning his sentence was

presumptive imprisonment and the low number in the sentencing grid box was 32 months. As a result, while the district court granted a durational departure sentence to 28 months, consistent with the plea agreement, it refused to grant a dispositional departure to probation. Unruh now appeals, arguing the district court abused its discretion in failing to durationally depart further. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Unruh entered into a plea agreement with the State in which he would plead no contest to felony possession of marijuana in exchange for the State's sentencing recommendation of the low number within the applicable sentencing guidelines grid box and probation based upon the presumption that Unruh possessed a criminal history score of C and his sentence would, therefore, fall within a border box.

However, the presentence investigation report (PSI) revealed that Unruh's criminal history score was B instead of the anticipated C score due to the aggregation of several person misdemeanors. This likely prompted Unruh to file a motion for a downward dispositional and durational sentencing departure.

At sentencing, the district court granted the motion for durational departure, imposed a 28-month prison sentence, but denied the motion for dispositional departure to probation. When doing so, the court noted that the sentence was equivalent to what Unruh had bargained for in his plea agreement with the State—the low number within the applicable sentencing grid box for a criminal history C score.

Unruh now appeals claiming the district court failed to depart enough.

2

## DID THE DISTRICT COURT ERR IN REFUSING TO EXTEND A MORE SUBSTANTIAL SENTENCING DEPARTURE?

The sole issue Unruh raises on appeal concerns the extent to which the district court departed from the presumptive guidelines sentence. Surprisingly, Unruh limits his argument to the extent of the durational departure on his prison term. He does not challenge the court's refusal to grant a dispositional sentencing departure to probation.

Previously, our court has held that a criminal defendant who obtains a favorable departure sentence may not appeal the extent of that departure. See *State v. Crawford*, 21 Kan. App. 2d 169, 170, 897 P.2d 1041 (1995) ("We interpret the [Kansas Sentencing Guidelines Act] to limit appellate jurisdiction by either the State or the defendant to those instances in which the sentencing court has departed adversely to the appealing party."). However, in 2014, the Kansas Supreme Court overruled this long-standing precedent to hold "all departure sentences are subject to appeal under K.S.A. 21-4721(a) unless appellate jurisdiction is divested by a more specific provision." *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014).

When the extent of a departure is challenged on appeal, we review the matter for an abuse of judicial discretion. *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015); *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011); *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014), *rev. denied* 302 Kan. 1013 (2015). The party alleging an abuse of judicial discretion bears the burden of establishing the abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

An abuse of judicial discretion may occur when the court misapplies the applicable law or pertinent facts. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Unruh has not pointed to any mistake of law or fact. Consequently, we may find an abuse of discretion only if the decision of the district court was so arbitrary, fanciful,

or unreasonable that no other person in the position of the district court would have reached a similar decision. See *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

Unruh cannot demonstrate that the extent of the district court's sentencing departure was unreasonable primarily because he did not request a more substantial departure. In his motion to depart, Unruh simply asked for a dispositional and/or durational departure. He did not specify the extent of the downward durational sentencing departure he believed he was entitled to receive. According to the record, Unruh and the State were both surprised by the inclusion of an additional person misdemeanor that aggregated with other misdemeanor convictions to raise Unruh's criminal history score to B. The district court took this mutual misunderstanding into account when it imposed a reduced penalty equivalent to the mitigated penalty for a person with a criminal history score of C (28 months), just as the State had agreed to recommend based on the assumption that Unruh's criminal history score would have been C. In essence, Unruh obtained the sentence he anticipated when entering into the plea agreement with the State. Accordingly, he cannot now complain that the district court somehow abused its discretion by failing to depart further.

Moreover, even if Unruh had requested a more substantial durational departure than that granted by the district court, a reasonable person in the position of the district court might have easily refused to impose a more substantial departure under the circumstances presented in the case. Unruh had completed drug treatment on at least one prior occasion while in prison, but he continued to struggle with substance abuse. The record demonstrates that he violated the conditions of his bond by testing positive for marijuana and methamphetamine after his conviction but before sentencing in this case. Based on these circumstances, Unruh has not demonstrated that no other reasonable person in the position of the district court would have imposed a 28-month prison

4

sentence rather than a more substantial departure, and Unruh has not established that the sentencing departure constituted an abuse of judicial discretion.

Affirmed.