ABBIE H. BRAND v. W. P. K. HEDWICK *et al.*

REPLEVIN — *Wrongful Detention, Not Shown — Demurrer to Evidence — No Error.* In an action of replevin, wherein no order of delivery was issued, for the possession of a warehouse, treated by all parties as personal property, between the party claiming to be the owner, and the sheriff and his deputies, who levied upon it as the property of another than the plaintiff, and the sheriff's return on the execution showed that the building was levied upon, but was silent as to taking it in his possession; and upon the trial the plaintiff testified that she had kept the key and used and permitted others to use the building since the levy, and that the defendants could not get into it unless they broke the lock, *held*, no wrongful detention by the defendants was shown; and *further held*, there was no error in sustaining defendants' demurrer to the evidence.

*Error from Johnson District Court.*

REPLEVIN. Judgment for defendants, at the May term, 1887. The plaintiff brings the case to this court. The opinion states the facts.

*John T. Little*, for plaintiff in error.

*H. L. Burgess*, for defendants in error.

Opinion by HOLT, C.: This was an action of replevin, brought by plaintiff in error, Abbie H. Brand, against de-

fendants, to recover possession of a warehouse standing on the right-of-way of the Kansas City, Fort Scott & Gulf railroad, in the city of Olathe. The answer of defendants was a general denial. After all the evidence of plaintiff was introduced in court, the court sustained a demurrer thereto.

From the testimony it appears that this building was 40x60 feet. It was treated by all parties as personal property; all the transfers being ordinary bills of sale coming from the original owner through the husband of plaintiff to her. An execution was issued out of the Johnson district court on a judgment in favor of Bovard & Dickson against Brand, the husband of plaintiff, and Henrietta Miller, and this building was levied upon July 21, 1886, to satisfy it. Upon the 15th of August plaintiff began an action in replevin, but no order of delivery was asked or issued. The sole objection raised by the demurrer to the evidence was, that no proof had been offered to show that the defendants had wrongfully detained the property from plaintiff, claiming on the contrary that plaintiff had continuous possession of the warehouse.

By an examination of the plaintiff's own testimony we find that although she testified she believed she had not had possession, yet she said she had given persons permission to put in wheat, a little coal, kept her own fanning-mill in there, and allowed several parties to use it after the building was levied upon by the defendants; and then further said, in answer to Mr. Burgess, who conducted the cross-examination:

"Q. You had the key to this building, did you? A. Yes, sir.

"Q. Have always had the key, didn't you? A. Yes, sir; you didn't succeed in getting it away when you sent your man to get it.

"Q. We never had it, have we? A. No, sir.

"Q. We have never been in that building? A. No, sir, you haven't; you didn't get the key when you sent your man after it.

"Q. We never have been in there, have we? A. Yes, I guess you have been in there, but you were not sharp enough to get the key.

"Q. Will you tell the jury when we have been in there,

any of the defendants ?   A.  I don't know; I think you were in there yourself when the house was open —

"Q.  Are you certain of that ?   A.  I think I saw you outside; I don't know that you were in there, but I think I saw you at the door.

"Q.  You could not tell whether the defendants have been in there ?   A.  No, sir.

"Q.  They have never had possession of the building, have they, Mrs. Brand ?   A.  No, sir; in one sense of the word they have not, because I always carried the key.

"Q.  And you have gone into that building and out of that building when you pleased, haven't you ?   A.  Yes, sir.

"Q.  No one else could get in without your permission, could they, unless they broke the lock ?   A.  No, sir.

"Q.  You now have it in your possession, have you not ? A.  I have the keys in my possession.

"Q.  You went in and out as you pleased, didn't you?  Just go on and tell this jury whether you did  or not.   A.  Yes, sir, I went in if it was necessary for me to do it.

"Q.  Now, you may tell the jury if it isn't true that you had access to that building, and went in and out when you pleased ? A.  I had the keys to the door, of course.

"Q.  Will  you answer my question : please, did  you  go in and out when you wanted to ?   A.  I could.

"Q.  There was none to prevent you ?   A.  Certainly not; I had the keys to the door."

From this testimony of the plaintiff it is apparent that there was no detention of the property from her.   The basis of the. action in replevin was a wrongful detention; failing to show any detention, the plaintiff failed to establish her cause of action.   The return of the officer shows that he simply levied upon the building and offered it for sale; there is nothing to show that he took it in his possession.

We believe, under the evidence in this case, that the judgment of the court was correct, and therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.