(895 P.2d 1258)
No. 71,766

S<small>TATE OF</small> K<small>ANSAS</small>, *Appellee*, v. T<small>ERRY</small> W. M<small>C</small>C<small>ALLUM</small>, *Appellant*.

Opinion filed May 19, 1995.

*B. Kay Huff*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Thomas R. Stanton*, assistant county attorney, *Julie McKenna*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., RULON, J., and STEVEN R. BECKER, District Judge, assigned.

PIERRON, J.: Defendant pled guilty to multiple drug offenses. He appeals his sentence under the Kansas Sentencing Guidelines Act (KSGA). He contends the district court abused its discretion by imposing consecutive presumptive sentences.

On September 29, 1993, defendant and 11 codefendants were charged in a 68-count information with various offenses under the Uniform Controlled Substances Act. The original information charged defendant with 11 offenses. All of the offenses allegedly occurred between September 15 and September 26, 1993.

Pursuant to a plea agreement, the State filed an amended information on December 10, 1993. In the amended information, defendant was charged with one count of each of the following offenses: (1) unlawfully arranging the sale or purchase of a controlled substance using a communication facility, contrary to K.S.A. 1993 Supp. 65-4141; (2) conspiracy to sell, deliver, or distribute marijuana, contrary to K.S.A. 1993 Supp. 21-3302 and K.S.A. 1993

Supp. 65-4127b(b)(3); and (3) possession of marijuana without a tax stamp affixed, contrary to K.S.A. 1993 Supp. 79-5204. In exchange for defendant's pleas, the State dismissed the remaining charges against him. In addition, the State agreed to recommend concurrent sentences and not request a durational departure.

Prior to defendant entering his pleas, the district court explained to him that it was not bound by the plea agreement. The court further explained that the defendant was subject to a possible sentence of 41 months' imprisonment without a durational departure. Defendant indicated he understood the possible sentence.

After being informed of the possible sentence and the rights he was waiving, defendant entered his pleas. After satisfying itself that a factual basis existed for the pleas and that the pleas were entered freely, voluntarily, and intelligently, the district court accepted defendant's pleas. Defendant was found guilty as charged in the amended information.

The parties agreed that defendant had a category F criminal history. The district court sentenced defendant to 20 months' imprisonment for the conspiracy to sell marijuana, 7 months' imprisonment for unlawfully arranging the sale or purchase of a controlled substance, and 7 months' imprisonment for possession of marijuana without a tax stamp affixed. The sentences were ordered to run consecutively for a controlling term of 34 months' incarceration and 24 months' postrelease supervision. Defendant appeals.

K.S.A. 1993 Supp. 21-4720(b) provides: "The sentencing judge shall have discretion to impose concurrent or consecutive sentences in multiple conviction cases." According to defendant, the district court abused its discretion by ordering the sentences to run consecutively. He argues the decision to impose consecutive sentences was an abuse of discretion because he played a minor role in the conspiracy and the offenses were all part of the same plan. Furthermore, defendant contends this court has jurisdiction to review the district court's decision to impose consecutive sentences.

The State, on the other hand, argues this court is without jurisdiction to consider defendant's appeal. In resolving this jurisdictional question, we must interpret the provisions of the KSGA. Interpretation of a statute is a question of law. *State v. Donlay*, 253

Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). On questions of law, our review is unlimited. See *Memorial Hospital Ass'n, Inc. v. Knutson,* 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Defendant's criminal history consisted of two adult nonperson felony convictions and two adult nonperson or select misdemeanors. Thus, he has a category F criminal history. See K.S.A. 1993 Supp. 21-4709. Conspiracy to sell marijuana is a drug severity level 3 felony. K.S.A. 1993 Supp. 21-3302(d); K.S.A. 1993 Supp. 65-4127b(b); K.S.A. 1993 Supp. 21-4708(b)(1). Unlawfully arranging the sale or purchase of a controlled substance is a nondrug severity level 8, nonperson felony. K.S.A. 1993 Supp. 65-4141(c). Possession of marijuana without a tax stamp affixed is a severity level 10, nonperson felony. K.S.A. 1993 Supp. 21-4707(c)(3); K.S.A. 1993 Supp. 79-5208.

K.S.A. 1993 Supp. 21-4720(b)(2) directs the trial court to "establish a base sentence for the primary crime" when sentencing a defendant in multiple conviction cases. The primary crime is the crime with the highest severity ranking or the crime which presumes imprisonment. K.S.A. 1993 Supp. 21-4720(b)(2). Therefore, the conspiracy to sell marijuana conviction would be the primary crime. The base sentence is set using the total criminal history score assigned. K.S.A. 1993 Supp. 21-4720(b)(3). According to K.S.A. 1993 Supp. 21-4705, the presumptive sentencing range for a severity level 3 drug crime with a category F criminal history score is 23 to 26 months (grid block 3-F). However, K.S.A. 1993 Supp. 21-3302(d) directs that "[c]onspiracy to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months." Therefore, the presumptive sentencing range for the primary crime is 17 to 20 months. The presumptive disposition for crimes falling within grid block 3-F is presumptive imprisonment. The district court sentenced defendant to 20 months' imprisonment for the conspiracy to sell marijuana conviction.

"Nonbase sentences will not have criminal history scores applied." K.S.A. 1993 Supp. 21-4720(b)(5); see *State v. Bowen,* 20 Kan. App. 2d 576, 890 P.2d 353 (1995). Thus, the presumptive

sentence for unlawfully arranging the sale or purchase of a controlled substance is 7 to 9 months, as reflected in grid block 8-I. See K.S.A. 1993 Supp. 21-4704. The presumptive sentence for possession of marijuana without a tax stamp affixed is 5 to 7 months as reflected in grid block 10-I. Grid blocks 8-I and 10-I carry presumptive dispositions of imprisonment in this case due to K.S.A. 1993 Supp. 21-4720(b)(6), which provides that "[i]f the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison." The district court sentenced defendant to 7 months' imprisonment for unlawfully arranging the sale or purchase of a controlled substance and 7 months' imprisonment for possession of marijuana without a tax stamp affixed.

K.S.A. 1993 Supp. 21-4703(r) defines the term "presumptive sentence" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history." A presumptive sentence includes both a presumptive duration and a presumptive disposition. See K.S.A. 1993 Supp. 21-4703(h), (j), and (r). The presumptive duration is also known as the "sentencing range," which is defined as "the sentencing court's discretionary range in imposing a nonappealable sentence." K.S.A. 1993 Supp. 21-4703(t). According to these definitions, defendant's sentences of 20 months' imprisonment for conspiracy to sell marijuana, 7 months' imprisonment for unlawfully arranging the sale of a controlled substance, and 7 months' imprisonment for possession of marijuana without a tax stamp affixed are within the presumptive sentences.

In *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995), this court held: "Appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. K.S.A. 1993 Supp. 21-4721(c)(1)."

There is little question that defendant could not have appealed the 20-month sentence or either of the 7-month sentences imposed in this case because they were all presumptive sentences. The ques-

tion, however, is whether the trial court's decision to impose the sentences consecutively is appealable.

Appellant argues that although consecutive sentences per se are not included in the list of issues which may be appealed under K.S.A. 1993 Supp. 21-4721(a) and (e), neither are they listed among those issues which cannot be appealed under subsection (c). Since we should construe criminal statutes in favor of the accused where there is ambiguity, we should, the argument goes, find this issue is appealable.

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993); see *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994). Generally, our criminal statutes are to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). However, this rule of construction is subordinate to the rule that judicial interpretation must effectuate legislative design and the true intent of the legislature. *State v. Schlein*, 253 Kan. 205, 215, 854 P.2d 296 (1993)

K.S.A. 1993 Supp. 22-3602(a) provides for an appeal as a matter of right from any judgment against a defendant in the district court "[e]xcept as otherwise provided." In *Gonzales*, 255 Kan. at 247, the Supreme Court noted that "appeal from the sentence imposed for felony offenses committed on or after July 1, 1993, is limited pursuant to K.S.A. 1993 Supp. 21-4721."

The relevant sections of K.S.A. 1993 Supp. 21-4721 provide:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with the rules adopted by the supreme court.

. . . .

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime; or

(2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record.

. . . .

"(e) In any appeal, the appellate court may review a claim that:

(1) The sentence resulted from partiality, prejudice, oppression or corrupt motive;

(2) the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes; or

(3) the sentencing court erred in ranking the crime severity level of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

In K.S.A. 1993 Supp. 21-4721(a) and (e), the legislature has endeavored to list the grounds upon which an appeal can be taken from a sentence imposed under the KSGA.

" 'One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.*, the mention or inclusion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention.' " *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977) (quoting *In Re Olander*, 213 Kan. 282, 285, 515 P.2d 1211 [1973]).

Applying the maxim *expressio unius est exclusio alterius* leads to the conclusion that the legislature did not intend this court to entertain sentencing appeals on grounds other than those stated in K.S.A. 1993 Supp. 21-4721. Therefore, this court's jurisdiction to consider an appeal challenging a sentence imposed pursuant to the KSGA is limited to those grounds specified in K.S.A. 1993 Supp. 21-4721(a) and (e) and illegal sentences. See also Kansas Sentencing Guidelines, Desk Reference Manual, p. 6 (1994) ("The defendant may appeal a sentence which constitutes a departure unfavorable to the defendant . . . . Appellate review of sentences imposed pursuant to the guidelines is otherwise limited to claims of partiality, prejudice, oppression, or corrupt motive, or claims challenging the crime severity ranking or the criminal history."); *Gonzales*, 255 Kan. at 247 (an illegal sentence can be corrected at any time).

Whether the decision to impose consecutive sentences can be appealed depends on whether that decision was the result of one of the grounds specified in K.S.A. 1993 Supp. 21-4721. Defendant does not allege that the imposition of consecutive sentences was the result of partiality, prejudice, oppression, or corrupt motive. Nor does he maintain there was an error in the criminal history

score or the severity level of the current crimes of conviction. The grounds for appeal set forth in K.S.A. 1993 Supp. 21-4721(e) are not applicable in this case. Therefore, defendant can maintain this appeal only if imposing consecutive sentences constitutes a "departure sentence." See K.S.A. 1993 Supp. 21-4721(a). A departure is defined in K.S.A. 1993 Supp. 21-4703(g) as "a sentence which is inconsistent with the presumptive sentence for an offender." There are two types of departure under the KSGA: a dispositional departure (see K.S.A. 1993 Supp. 21-4703[h]), and a durational departure (see K.S.A. 1993 Supp. 21-4703[j]). The term "presumptive sentence," as that term is defined in K.S.A. 1993 Supp. 21-4703(r), contemplates a sentence which complies with the dispositional and durational mandates of the appropriate grid block. A grid block provides no mandate regarding whether sentences should run concurrently or consecutively. Therefore, a consecutive sentence is not, in and of itself, inconsistent with the presumptive sentence and is not a departure. Only if the sentence imposed is inconsistent with the duration and disposition of the appropriate grid block can there be a departure. See Kansas Sentencing Guidelines Act Implementation Manual, p. 4-17 (1992) ("In contrast to departure sentences, consecutive nondeparture sentences are not appealable.").

Considering the above analysis of the statute, it would appear that K.S.A. 1993 Supp. 21-4721(a) and (e) are the outer limits of appealability and subsection (c) is intended to restrict those situations even more. It is not the intent of subsection (c) to allow appeals on everything not mentioned in subsection (c). This reading harmonizes the three subsections, while the appellant's interpretation would lead to anomalous results.

In this case, the sentence imposed is not inconsistent with the presumptive sentence and, therefore, is not a departure sentence as that term is used in K.S.A. 1993 Supp. 21-4721(a). Thus, defendant's allegation that the district court abused its discretion by imposing consecutive sentences is not one of the grounds specified in K.S.A. 1993 Supp. 21-4721 for appealing a sentence. Simply put, the issue raised by defendant is not an appealable issue.

In *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994), this court wrote that the provisions of K.S.A. 1993 Supp. 21-4721(c)(1) were "adopted by the legislature to foreclose the type of appeals which had previously been lodged under the former statutory scheme alleging that the sentencing court abused its discretion." The holding in this case is consistent with the legislature's intent to foreclose such appeals.

Defendant raises two arguments in support of his position that an order imposing consecutive sentences should be appealable. First, he relies on language in K.S.A. 1993 Supp. 21-4720(a). That section provides in part: "The mandatory consecutive requirements contained in subsections (c), (d) and (e) shall not apply if such application would result in a manifest injustice." Defendant argues this language "strongly implies" that mandatory consecutive sentences can be reviewed by a higher court. According to defendant, if mandatory consecutive sentences can be reviewed, then this court should have jurisdiction to review a discretionary consecutive sentence.

Defendant's point is without merit. K.S.A. 1993 Supp. 21-4608(c), (d), and (e) govern situations where a defendant is convicted and sentenced for a crime committed while the defendant was released on probation, community corrections, parole, conditional release, or while incarcerated. Those sections require that the sentence for the "new" crime be imposed consecutive to the term or terms under which the defendant was released. In this case, defendant is not appealing from an order that he serve a new sentence consecutive to a previously imposed sentence. Instead, defendant is attempting to appeal from an order that three "new" sentences be served consecutively. In the latter situation, the legislature has provided safeguards that prevent "manifest injustice." K.S.A. 1993 Supp. 21-4720(c)(3) provides: "The total imprisonment term of the consecutive sentences, including the imprisonment term for the departure crime, shall not exceed twice the maximum presumptive imprisonment term of the departure sentence following aggravation." This limitation does not appear to be applicable to K.S.A. 1993 Supp. 21-4608(c), (d), and (e).

Defendant next argues this court should find the decision to impose presumptive consecutive sentences is appealable because that would be consistent with presentencing guidelines case law. Again, defendant's position is without merit. It is a well-established principle that "[w]hen the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment." *Hughes v. Inland Container Corp.,* 247 Kan. 407, 414, 799 P.2d 1011 (1990). When the legislature enacted the KSGA, specifically K.S.A. 1993 Supp. 21-4721, it specified the grounds upon which an appeal can be taken. Defendant has failed to raise an appealable issue.

We note that under certain circumstances a departure sentence can occur within the context of consecutive sentences, thereby creating a ground for appeal under K.S.A. 1993 Supp. 21-4721(a). See K.S.A. 1993 Supp. 21-4720(c); Kansas Sentencing Guidelines Act Implementation Manual, p. 4-17 (1992). However, we are not presented with that situation here.

Defendant has not raised an appealable issue; therefore, this appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.