NOT DESIGNATED FOR PUBLICATION

Nos. 113,045
113,046
113,047
113,048
113,049

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN D. TATE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed April 8, 2016. Appeal dismissed.

*Carl Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

*Per Curiam*:  Justin D. Tate appeals his sentences, arguing that the district court erred by not following the plea agreement and denying his motion for departure to probation. However, because the district court sentenced him in accordance with the sentencing guidelines, we have no jurisdiction to consider his appeal and, therefore, dismiss it.

1

Tate entered into a plea agreement with the State that encompassed his five criminal cases: (1) 14CR401, charging two counts of criminal possession of a firearm; (2) 14CR477, charging one count of criminal possession of a firearm, one count of possession of methamphetamine, and one count of felony fleeing and attempting to elude; (3) 14CR603, charging one court of criminal possession of a firearm; (4) 14CR1156, charging one count of felony fleeing and attempting to elude; and (5) 14CR2109, charging four counts of felony theft. In exchange for Tate's guilty pleas, the State agreed to recommend the high numbers in the appropriate guideline sentencing boxes and to recommend that the prison sentences in all cases be imposed concurrently. The agreement also provided that Tate was free to argue for probation. Tate subsequently entered guilty pleas in accordance with the plea agreement and filed a motion requesting a departure to probation.

At sentencing the State asked the court to follow the plea agreement, and Tate asked for probation. However, the district court expressed displeasure with the plea agreement, denied Tate's departure motion, and imposed a controlling 76-month presumptive sentence covering all of Tate's cases. The district court ordered the sentences in three cases to run consecutive to each other with the other two sentences to run concurrently. Tate timely appeals.

Tate first contends the district court abused its discretion when it denied his departure motion and instead sentenced him within the presumptive ranges for his crimes. He also claims we have jurisdiction to hear his argument because although K.S.A. 2015 Supp. 21-6820(c)(1) provides that there is to be no appeal from "[a]ny sentence that is within the presumptive sentence for the crime," the statute does not specifically indicate that there is to be no appeal from the denial of a motion for departure.

Unfortunately for Tate, our Supreme Court has already rejected this argument in *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011): "K.S.A. [2015 Supp. 21-6820(a)] provides: 'A departure *sentence* is subject to appeal by the defendant or the state.' (Emphasis added.) Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence." Because Tate was ultimately sentenced within the presumptive range for his various convictions, he cannot now challenge the district court's denial of his motion for departure.

Next, Tate argues the district court abused its discretion by ordering Tate's sentences to run consecutively rather than concurrently. Again, we can only consider Tate's argument if the district court's imposition of consecutive sentences constituted a departure sentence. See *State v. McCallum*, 21 Kan. App. 2d 40, 47, 895 P.2d 1258, *rev. denied* 258 Kan. 862 (1995). Because the sentencing "grid block provides no mandate regarding whether sentences should run concurrently or consecutively . . . , a consecutive sentence is not, in and of itself, inconsistent with the presumptive sentence and is not a departure." 21 Kan. App. 2d at 47. As the district court's decision to impose consecutive sentences was not a departure from a presumptive sentence, we lack the jurisdiction to consider this contention of error as well.

Appeal dismissed.

3