NOT DESIGNATED FOR PUBLICATION

No. 118,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY B. WILLIAMS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed April 27, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Danny B. Williams Jr. appeals his sentence following his convictions of murder in the second degree and aggravated robbery. We granted Williams' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.

On March 31, 2017, Williams pled guilty to one count of murder in the second degree and one count of aggravated robbery. On July 6, 2017, the district court sentenced Williams to 267 months' imprisonment for the second-degree murder conviction and a consecutive sentence of 61 months' imprisonment for the aggravated robbery conviction for a controlling term of 328 months' imprisonment. Williams timely appealed.

1

Williams raises seven issues on appeal, some of which we have jurisdiction to address and some we do not. Williams claims the district court erred in imposing a prison sentence of 328 months, erred in denying his request for a durational departure, and erred in running his sentences consecutive to each other. However, Kansas statutes and caselaw do not grant this court jurisdiction to review the imposition of a presumptive sentence, which includes the denial of Williams' departure motion and the consecutive nature of his sentences. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Johnson*, 286 Kan. 824, 841-52, 190 P.3d 207 (2008); *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000); *State v. McCallum*, 21 Kan. App. 2d 40, 47, 895 P.2d 1258 (1995) (court does not have jurisdiction over consecutive nature of sentence).

Williams also claims the district court erred in using his prior criminal history to determine his sentence, without putting it to a jury and proving it beyond a reasonable doubt. But he acknowledges that this issue is controlled by *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2001) (use of criminal history to enhance a sentence is not unconstitutional).

Next, Williams claims the district court erred by scoring his 2012 Kansas juvenile adjudication of residential burglary as a person felony for criminal history purposes. Williams' argument would have merit if his burglary adjudication had been prior to the enactment of the Kansas Sentencing Guidelines Act, effective July 1, 1993, when the Kansas burglary statute did not differentiate between burglary of a dwelling and burglary of a nondwelling. However, a Kansas adjudication for residential burglary in 2012 is properly scored as a person felony for criminal history purposes. See K.S.A. 2012 Supp. 21-5807(c)(1)(A); *State v. Dickey*, 301 Kan. 1018, 1039-40, 350 P.3d 1054 (2015).

Next, Williams claims the district court erred when it imposed upon him in the journal entry of judgment the obligation to pay court costs, DNA database fee, witness fees, and booking/fingerprint fee when there was no item-by-item oral announcement at sentencing. But see *State v. Phillips*, 289 Kan. 28, 210 P.3d 93 (2009) (Because certain

2

fees are not imposed for punishment, they are not part of criminal sentence and do not need to be stated as part of judgment in open court, although it is better practice to do so.).

Finally, Williams claims the district court erred when it ordered him at sentencing to pay the Board of Indigent's Defense Services (BIDS) application fee without considering on the record his financial resources and the burden imposed. But see *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 (2008) (district court may include unpaid BIDS application fee, assessed when defendant requests court appointed counsel, in sentencing order without making additional findings).

Affirmed in part and dismissed in part.