Arnold-Burger, C.J., dissenting:
I dissent from my colleagues' conclusion that we have no jurisdiction to hear this case. That said, I do not believe the district court judge erred in running Paul B. Young's sentences consecutive, so I would affirm on the merits.
We have jurisdiction to hear an appeal of a judge's decision under K.S.A. 2018 Supp. 21-6819(a).
When a person is on probation and commits a new crime, the judge must run the probation revocation sentence and the sentence for the new crime consecutive-one after the other. K.S.A. 2018 Supp. 21-6606(c) ("shall serve the sentence consecutively"). Courts and practitioners often refer to this as a "special rule" or "a special sentencing rule." State v. Redick , 307 Kan. 797, 801, 414 P.3d 1207 (2018) ("special sentencing rule");
*549 State v. Owens , No. 108,985, 2014 WL 5312844, at *9 (Kan. App. 2014) (unpublished opinion) ("special rule").
But there is an escape clause from this seemingly mandatory rule in the revised Kansas Sentencing Guidelines Act (KSGA). K.S.A. 2018 Supp. 21-6801 et seq. If the court finds the imposition of consecutive sentences would "result in a manifest injustice," the court may ignore the special sentencing rule and order the sentences to run concurrent-at the same time. K.S.A. 2018 Supp. 21-6819(a).
Young was on probation for a crime that fell under the KSGA, when he committed a new crime that also fell under the KSGA, actually the same crime-a violation of the Kansas Offender Registration Act, K.S.A. 2018 Supp. 22-4901 et seq. (KORA). He faced a 61-month sentence on his probation revocation and, based on his criminal history score of D, he faced a sentence in the sentencing grid box of 89, 94, or 100 months on the new conviction. At his sentencing hearing, Young requested a durational departure sentence of 36 months. He also asked the court to find, under K.S.A. 2018 Supp. 21-6819(a), that it would result in a manifest injustice to run his two sentences consecutive. He asked the court to instead run the two sentences concurrent.
Young presented the same argument for both requests. He argued that he was only out of compliance for eight days and he had taken responsibility for the crime by entering a plea with no plea bargain. He argued it was simply a misunderstanding because he was not living in an unauthorized location, he was simply doing work on the house for the owner. Finally, he asked the court to consider that the underlying conviction which required him to register was 18 years old. The judge did not depart and assessed 61 months on the probation revocation and the mitigated sentence of 89 months on the new conviction. Young was also ordered to serve 36 months of postrelease supervision. The judge ran the sentences consecutive, ordering Young to prison for 150 months. He made no specific findings about manifest injustice, but he did say he was finding there were no substantial or compelling reasons to grant a departure sentence.
On appeal, Young does not appeal the revocation of his probation or the presumptive sentence the court gave him for his new offense. He recognizes that K.S.A. 2018 Supp. 21-6820(c)(1) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is within the presumptive KSGA sentence for the crime. See State v. Sprung , 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences). Instead he seeks to appeal the denial of his request that the court depart from the special rule because of manifest injustice and run his sentences concurrent.
The question raised in this appeal is whether Young can appeal a ruling on the existence of manifest injustice under K.S.A. 2018 Supp. 21-6819(a). Whether jurisdiction exists is a question of law over which our review is unlimited. State v. Smith , 304 Kan. 916, 919, 377 P.3d 414 (2016). The right to appeal is entirely defined by our state statutes. Subject to some exceptions, we have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. 304 Kan. at 919, 377 P.3d 414. So this case really involves statutory interpretation. In other words, do the Kansas statutes provide a right to appeal in this situation? So I turn to our standard of review when examining Kansas statutes.
Interpretation of a statute is a question of law over which appellate courts have unlimited review. State v. Collins , 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that if we can ascertain the intent of the Legislature, that intent governs our interpretation. See State v. Jordan , 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to discover legislative intent through the statutory language enacted, giving common words their ordinary meanings. State v. Barlow , 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily *550 found in its words. 303 Kan. at 813, 368 P.3d 331.
So what statutes are involved here? If a finding of manifest injustice under K.S.A. 2018 Supp. 21-6819(a) is considered a departure sentence under the KSGA, then it can be appealed. See K.S.A. 2018 Supp. 21-6820(a) ("A departure sentence is subject to appeal by the defendant or the state."). But see State v. Huerta , 291 Kan. 831, 835, 247 P.3d 1043 (2011) ("Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence."). If Young's sentence is simply part of a presumptive sentence it is not subject to appeal. See K.S.A. 2018 Supp. 21-6820(c)(1) ("the appellate court shall not review ... [a]ny sentence that is within the presumptive sentence for the crime"). If the statute explicitly leaves the judge's decision to impose consecutive or concurrent presumptive KSGA sentences to the judge's discretion, the judge's decision is not subject to appeal. See State v. Ross , 295 Kan. 1126, 1136-38, 289 P.3d 76 (2012). But if any of the sentences involved are imposed outside the KSGA, as with off-grid crimes, the judge's decision is appealable. 295 Kan. at 1138, 289 P.3d 76. We must examine the statutory definitions of departure and presumptive sentences, as well as the statutory scheme of the KSGA and the special rule, to answer this question.
A presumptive sentence is defined as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2018 Supp. 21-6803(q). Young's presumptive sentences were 61 months and 89 months respectively. Whether the special rule applies has nothing to do with Young's criminal history score or his place in the grid block-the only criterion for a presumptive sentence. So by appealing the application of the special rule, Young is not appealing a presumptive sentence. He is not challenging the presumptive KSGA sentence at all.
A departure sentence is "a sentence which is inconsistent with the presumptive sentence for an offender." K.S.A. 2018 Supp. 21-6803(f). A durational departure is a "departure sentence which is inconsistent with the presumptive term of imprisonment or nonimprisonment." K.S.A. 2018 Supp. 21-6803(i). Thus, to have a departure sentence you must have a presumptive sentence from which the judge departs. Again, because applying the special rule has nothing to do with the combined effect of the crime severity ranking and the offender's criminal history score and so is not a KSGA presumptive sentence, the application of the non-KSGA special rule cannot fit the definition of a typical departure sentence. Here, Young is not challenging the district court's failure to depart from the presumptive KSGA sentence. He is appealing the application of the special rule.
That leads me to the special rule itself, K.S.A. 2018 Supp. 21-6606(c). The rule is not part of the KSGA. It only comes into the purview of the KSGA because the KSGA allows the judge to depart from this special mandatory rule in KSGA cases if the judge finds that to apply the rule would result in manifest injustice. K.S.A. 2018 Supp. 21-6819(a). The cases cited by the majority expressing the general rule that the imposition of consecutive presumptive guideline sentences does not constitute a departure do not involve application of the special rule. Accordingly, they have no application to this discussion.
I can locate only two cases that discuss application of the special rule in this context.
First, in State v. McCallum , 21 Kan. App. 2d 40, 895 P.2d 1258 (1995), the defendant was sentenced to consecutive presumptive sentences. He alleged that K.S.A. 1993 Supp. 21-4720(a) (now K.S.A. 2018 Supp. 21-6819 [a] ) implies that if "mandatory consecutive sentences can be reviewed by a higher court" then so can discretionary consecutive sentences. 21 Kan. App. 2d at 48, 895 P.2d 1258. This court rejected that argument because the case only involved consecutive sentencing in new cases. There was no probation revocation involved. The court noted that in the situation of probation revocations in conjunction with new sentences, the Legislature has provided "safeguards" to prevent manifest injustice. 21 Kan. App. 2d at 48, 895 P.2d 1258. In the case of consecutive sentencing *551 for new KSGA crimes, the court found a different safeguard appeared at K.S.A. 1993 Supp. 21-4720(c)(3) (" 'The total imprisonment term of the consecutive sentences, including the imprisonment term for the departure crime, shall not exceed twice the maximum presumptive imprisonment term of the departure sentence following aggravation.' "). 21 Kan. App. 2d at 48, 895 P.2d 1258. So although it discussed the special rule provision of what is now K.S.A. 2018 Supp. 21-6819(a), the court in McCallum did not rule on that basis.
The second case is State v. Rose , No. 90,111, 2004 WL 117358 (Kan. App. 2004) (unpublished opinion). Rose was an appeal by the State on a question reserved. Contrary to the position the State takes here, the State argued in Rose that it could appeal the judge's decision to grant concurrent rather than consecutive sentences based on a finding of manifest injustice under K.S.A. 2002 Supp. 21-4720(a) (now K.S.A. 2018 Supp. 21-6819 [a] ). This court agreed that the State could appeal such a finding. The court held that this was not simply a discretionary decision regarding concurrent or consecutive sentences, but a discretionary decision concerning whether manifest injustice existed. 2004 WL 117358, at *2. The court relied on State v. Torrance , 22 Kan. App. 2d 721, 730, 922 P.2d 1109 (1996), for the proposition that " 'whether a sentence has resulted in manifest injustice must be made on a case-by-case basis under a "shocking to the conscience" consideration; that is, whether the trial court has abused its discretion by imposing a sentence that is obviously unfair and shocks the conscience of the court. [Citation omitted.]' " Rose , 2004 WL 117358, at *3.
I agree with the analysis in Rose . The statute is clear and unambiguous. Under K.S.A. 2018 Supp. 21-6819(a) a court has the discretion to determine whether manifest injustice exists to override the mandatory non-KSGA sentencing rule in K.S.A. 2018 Supp. 21-6606(c). Such a decision is distinctively different than whether to impose consecutive or concurrent presumptive KSGA sentences and is more akin to a departure sentence. This interpretation is further bolstered by the language of K.S.A. 2018 Supp. 21-6819(b). In context, immediately following the provision in subsection (a) indicating that concurrent sentences in combination probation and new crime sentencing cases can be given upon a finding that it would result in manifest injustice to give consecutive sentences, subsection (b) says: "The sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences in multiple conviction cases." (Emphasis added.) This language indicates that application of subsection (a) is different than the standard consecutive/concurrent sentencing discretion discussed in cases cited by the majority.
Accordingly, I would find that we do have jurisdiction to consider whether the district court abused its discretion in determining the existence of manifest injustice as outlined in K.S.A. 2018 Supp. 21-6819(a) and K.S.A. 2018 Supp. 21-6606(c).
The district judge did not abuse his discretion in denying Young's request for concurrent sentences.
To run Young's sentences concurrent, Young had the burden of proof to establish that to run them consecutive would result in manifest injustice. K.S.A. 2018 Supp. 21-6819(a). This is a high hurdle. A sentence results in "manifest injustice" only when it is obviously unfair and shocks the conscience of the court. Wilkinson v. State , 40 Kan. App. 2d 741, 742, 195 P.3d 278 (2008).
The district court found there was no manifest injustice, so Young failed to prove otherwise to the satisfaction of the court. Finding that a party did not meet its burden of proof is a negative factual finding. In reviewing a negative factual finding, the appellate court must consider whether the district court arbitrarily disregarded undisputed evidence or relied on some extrinsic consideration such as bias, passion, or prejudice to reach its decision. State v. Smith , 303 Kan. 673, 679, 366 P.3d 226 (2016).
Moreover, we decide whether a sentence results in manifest injustice on a case-by-case basis. "The standard of review to be employed in such cases is whether the trial court has abused its discretion by imposing a sentence which is obviously unfair and shocks the conscience of the court."
*552 State v. Cramer , 17 Kan. App. 2d 623, Syl. ¶ 5, 841 P.2d 1111 (1992). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. State v. Marshall , 303 Kan. 438, 445, 362 P.3d 587 (2015).
Young contends that 150 months in prison for missing filing deadlines is obviously unfair and shocks the conscious.
"Running Mr. Young's prison sentence consecutive resulted in a 12½ year prison sentence. Is that global sentence debatably reasonable? Mr. Young respectfully submits it is not. By any moral standard a 12½ year prison sentence is an excessive punishment for the offense of missing filing deadlines.
"The district court, in this case, could have reduced Mr. Young's global prison sentences for cases 16 CR 2039 and 17 CR 2265 from 12½ years to a still-excessive 7½ years by making a 'simple manifest injustice' finding. The court's decision not to do that was unreasonable, and, thus, an abuse of discretion."
Young's counsel presented all the same arguments to the district court related to his request for a manifest injustice finding as he did for a durational departure: this was a misunderstanding, he was only eight days late in reporting, he took responsibility and pleaded guilty with no plea agreement in place, and the underlying conviction that required him to report was 18 years old.
But the State presented a competing view of Young's behavior. The case for which Young was on probation, which was his second conviction for a KORA violation, was a presumptive prison case and Young was granted a dispositional departure to probation. In the new case, his third conviction for a KORA violation, he was at a residence where he was not supposed to be for about three weeks and the owner had repeatedly asked him to leave but he refused. The State argued that Young knew what he was supposed to do in the most recent case, because he had two prior convictions for the same thing. In addition, Young failed to report on probation. He admitted he had used methamphetamine while on probation and failed to complete drug treatment. He failed to make payments toward his fines and costs. He committed the crime of criminal trespass. And, he failed to provide proof of employment.
After hearing all the evidence, the judge noted that Young was a person who knew of the registration requirements due to his multiple prior convictions. He questioned Young's credibility regarding the situation he described as a misunderstanding. The judge found there were no substantial or compelling reasons to grant a departure sentence. He ordered the sentences to run consecutive, finding-although not stating-that no manifest injustice would result.
Given all the facts presented to him, I find no evidence that the district judge arbitrarily disregarded undisputed evidence or relied upon some extrinsic consideration such as bias, passion, or prejudice to reach his decision. He committed no error of fact or law. I cannot conclude that no reasonable judge would have taken the position of the district judge here given Young's extensive history of violating the KORA. I find nothing unfair or shocking about the sentence. It should have come as no surprise to Young. Accordingly, there was no abuse of discretion here and I would affirm the decision of the district court.